Joseph T. Baio
Dan C. Kozusko
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Proposed Counsel for the Debtors,
Debtors in Possession, and Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re :
:
MPM SILICONES, LLC, *et al.*,[1] :
:
              Debtors. :
:
_____ :
: Chapter 11
MOMENTIVE PERFORMANCE MATERIALS :
INC., MOMENTIVE PERFORMANCE : Case No. 14-22503 (RDD)
MATERIALS WORLDWIDE INC., : (Jointly Administered)
MOMENTIVE PERFORMANCE MATERIALS :
USA INC., JUNIPER BOND HOLDINGS I LLC, :
JUNIPER BOND HOLDINGS II LLC, JUNIPER :
BOND HOLDINGS III LLC, JUNIPER BOND :
HOLDINGS IV LLC, MOMENTIVE : Adversary Proceeding
PERFORMANCE MATERIALS QUARTZ, INC., : No. 14-____ (RDD)
MPM SILICONES, LLC, MOMENTIVE :
PERFORMANCE MATERIALS SOUTH :
AMERICA INC., MOMENTIVE :
PERFORMANCE MATERIALS CHINA SPV :
INC. :
:
              Plaintiffs, :
:

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Juniper Bond Holdings I LLC (9631), Juniper Bond Holdings II LLC (9692), Juniper Bond Holdings III LLC (9765), Juniper Bond Holdings IV LLC (9836), Momentive Performance Materials China SPV Inc. (8469), Momentive Performance Materials Holdings Inc. (8246), Momentive Performance Materials Inc. (8297), Momentive Performance Materials Quartz, Inc. (9929), Momentive Performance Materials South America Inc. (4895), Momentive Performance Materials USA Inc. (8388), Momentive Performance Materials Worldwide Inc (8357), and MPM Silicones, LLC (5481).

|                                                                                                                                  |   |
|----------------------------------------------------------------------------------------------------------------------------------|---|
| v.                                                                                                                               | : |
|                                                                                                                                  | : |
| WILMINGTON TRUST, N.A., solely as Trustee for the Momentive Performance Materials Inc. 10% Senior Secured Notes due 2020,        | : |
|                                                                                                                                  | : |
| Defendant.                                                                                                                       | : |
|                                                                                                                                  | : |

------------------------------------------------------------ x

## ADVERSARY COMPLAINT

Plaintiffs Momentive Performance Materials Inc. ("MPM"), Momentive Performance Materials Worldwide Inc., Momentive Performance Materials USA Inc., Juniper Bond Holdings I LLC, Juniper Bond Holdings II LLC, Juniper Bond Holdings III LLC, Juniper Bond Holdings IV LLC, Momentive Performance Materials Quartz, Inc., MPM Silicones, LLC, Momentive Performance Materials South America Inc., and Momentive Performance Materials China SPV Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, seek a declaration that MPM's commencement of the above-captioned voluntary bankruptcy case did not trigger an obligation under the terms of the Indenture (as defined below) and the Notes (as defined below) to pay the Applicable Premium (as defined in the Indenture) to the holders of the Notes (the "Noteholders").  To that end, Plaintiffs allege as follows:

## THE PARTIES

1. Plaintiffs are all corporations or limited liability companies organized under the laws of the State of Delaware, with the exception of Plaintiff MPM Silicones, LLC, which is organized under the laws of New York.  Each Plaintiff's principal place of business is located at 260 Hudson River Road, Waterford, New York.  On April 13, 2014 (the "Petition Date"), the Debtors, including Plaintiffs, filed voluntary petitions in the United States

Bankruptcy Court for the Southern District of New York for protection under chapter 11 of the United States Bankruptcy Code.

2. Wilmington Trust, N.A., (the "Trustee") is a national banking association and the trustee of the 10% Senior Secured Notes due 2020 (the "Notes"). On information and belief, the Trustee's principal place of business is located at Rodney Square North, 1100 N. Market Street, Wilmington, Delaware 19890.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157, 1334, and 2201.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. The predicates for the relief requested herein are 11 U.S.C. § 105(a), 28 U.S.C. § 2201, and Rule 7001 of the Bankruptcy Rules.

6. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On May 25, 2012, MPM and the Trustee's predecessor, Bank of New York Mellon Trust Company, N.A., entered into an indenture (the "Indenture"), pursuant to which the Escrow Issuers issued $250,000,000 of 10% Senior Secured Notes due on October 15, 2020 (the "Maturity Date"). The Notes are incorporated into the Indenture as Exhibit A.

8. Under the terms of that certain Agreement of Resignation, Appointment and Acceptance, dated as of April 16, 2014, Wilmington Trust, N.A. succeeded Bank of New York Mellon Trust Company, N.A. as Trustee.

9. Under the terms of a note guarantee (the "Guarantee"), all Plaintiffs other than MPM (collectively, the "Guarantors") guaranteed MPM's obligations under the Notes.

10. The Indenture and the Notes are governed by, and construed in accordance with, the laws of the State of New York, without regard to principles of conflicts of law.

11. The terms of the Indenture permit MPM to redeem the Notes voluntarily prior to October 15, 2015 (the "Redemption Date"). Section 5 of the Notes, entitled "Optional Redemption" (the "Optional Redemption Provision"), provides as follows:

> [P]rior to October 15, 2015, [MPM] may redeem the Notes at its option, in whole at any time or in part from time to time, upon not less than 30 nor more than 60 days' prior notice delivered electronically or mailed by first-class mail to each Holder's registered address, at a redemption price equal to 100% of the principal amount of the Notes redeemed plus the Applicable Premium as of, and accrued and unpaid interest and Additional Interest, if any, to, the applicable redemption date (subject to the right of the Holders of record on the relevant record date to receive interest due on the relevant interest payment date).

12. In Section 1.1, the Indenture defines "Applicable Premium" as follows:

> "Applicable Premium" means, with respect to any Note on any applicable redemption date, the greater of:
>
> (1) 1% of the then outstanding principal amount of such Note; and
>
> (2) the excess of:
>
> (a) the present value at such redemption date of (i) the redemption price of such Note, at October 15, 2015 (such redemption price being set forth in paragraph 5 of the applicable Note) plus (ii) all required interest payments due on such Note through October 15, 2015 (excluding accrued but unpaid interest), computed using a discount rate equal to the Treasury Rate as of such redemption date plus 50 basis points; over
>
> (b) the then outstanding principal amount of such Note.

13. Thus, under the Optional Redemption Provision, the Applicable Premium is due only when MPM exercises its option to redeem the Notes prior to the Redemption Date.

14. Under the terms of the Indenture, the Notes may become due and payable by virtue of the automatic acceleration of the maturity of the Notes. Specifically, Section 6.02 of the Indenture (the "Acceleration Provision") provides that, upon certain Events of Default, including MPM's "commenc[ing] a voluntary case" under the Bankruptcy Code, "the principal of, premium, if any, and interest on all the Notes shall ipso facto become and be immediately due and payable without any declaration or other act on the part of the Trustee or any of the Holders."

15. MPM's commencement of the above-captioned chapter 11 case constituted an Event of Default under Section 6.01(f)(i) of the Indenture. As a result, (i) pursuant to the Acceleration Provision, and (ii) by operation of law, this Event of Default immediately accelerated the maturity of MPM's obligations under the Notes from the Maturity Date to the Petition Date.

16. At no time has MPM exercised its rights under the Optional Redemption Provision. Nor is it possible for MPM to do so in the future. MPM's bankruptcy filing accelerated the Notes' Maturity Date and, thus, any payment MPM might make towards the satisfaction of that debt would constitute a payment made after maturity, not a voluntary payment prior to maturity or an Optional Redemption, as contemplated by the Optional Redemption Provision.

17. Therefore, because MPM's bankruptcy filing resulted in an immediate acceleration of MPM's obligations to Noteholders pursuant to the Acceleration Provision—and not an "Optional Redemption" of the Notes—the Optional Redemption Provision does not apply and MPM does not owe the Applicable Premium to the Noteholders.

18. This conclusion is consistent with the other terms of the Indenture and the Notes.

19. Moreover, neither the Acceleration Provision nor any other provision of the Indenture provides that the Applicable Premium comes due and owing upon the automatic acceleration of the maturity of the Notes pursuant to an Event of Default, such as a bankruptcy filing by MPM.

20. Indeed, the Indenture repeatedly distinguishes acceleration from redemption. (*See, e.g.*, § 11.01(a) ("The payment of the principal of, accrued and unpaid interest, if any, and premium, if any, on the Notes when due, whether on an interest payment date, at maturity, by <u>acceleration</u>, repurchase, <u>redemption</u> or otherwise . . .") (emphases added). *See also* §§ 12.01(a), 12.01(g).)

21. Moreover, for an Optional Redemption to occur, MPM must provide holders of the Notes "not less than 30 nor more than 60 days' prior notice delivered electronically or mailed by first-class mail to each Holder's registered address[.]" It is undisputed that MPM has not provided the Noteholders with the notice necessary to trigger an Optional Redemption. The timing of this notice requirement is further evidence of a distinction in the Indenture and the Notes between an Optional Redemption, on the one hand, which requires giving Noteholders 30-to-60-days' advance notice, and an acceleration of the Notes' Maturity Date, on the other hand, which occurs "immediately" upon MPM's filing of a voluntary bankruptcy petition.

22. Accordingly, under the plain terms of the Indenture and the Notes, the Optional Redemption Provision does not apply here and MPM does not owe the Applicable Premium to the Noteholders.

23. Notwithstanding the clear language of the Indenture and the Notes, certain of the Noteholders, through their counsel, contend that, as a result of MPM's bankruptcy filing, the Noteholders are entitled to payment of the Applicable Premium.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

24. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 hereof with the same force and effect as if fully set forth herein.

25. Under the plain terms of the Indenture and the Notes, MPM's voluntary filing of a bankruptcy petition constituted an Event of Default that immediately accelerated the Maturity Date of MPM's debt under the Notes to the Petition Date.

26. The language of the Indenture and the Notes provides unambiguously that MPM is only required to pay the Applicable Premium to the Noteholders in the event of an Optional Redemption, as contemplated by the Optional Redemption Provision, which has not occurred here. Nor can such an Optional Redemption occur in the future because MPM's voluntary bankruptcy filing immediately accelerated the Notes' Maturity Date. Further, no provision of the Indenture provides that the Applicable Premium comes due and owing upon the automatic acceleration of the maturity of the Notes pursuant to an Event of Default, such as a bankruptcy filing by MPM. Accordingly, MPM does not owe, and the Noteholders are not entitled to payment of, the Applicable Premium. Likewise, the Guarantors have no liability to the Noteholders for the Applicable Premium under the terms of the Guarantee.

27. Certain of the Noteholders, however, contend that, as a result of MPM's voluntary bankruptcy filing, the Noteholders are entitled to payment of the Applicable Premium.

28. Thus, an actual controversy exists between Plaintiffs and the Trustee over whether the Noteholders are entitled to payment of the Applicable Premium.

29. Plaintiffs are entitled to a declaratory judgment that Plaintiffs do not owe, and the Noteholders are not entitled to payment of, the Applicable Premium.

30. Plaintiffs are also entitled to a declaratory judgment that any costs or attorneys' fees and expenses incurred by the Trustee and the Noteholders in connection with the above-captioned adversary proceeding shall not be borne by the Debtors.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs the following relief:

(a) a judgment declaring that (i) MPM's commencement of the above-captioned voluntary bankruptcy case did not trigger (x) an obligation on the part of MPM to pay the Applicable Premium to the Noteholders under the terms of the Indenture and the Notes or (y) any obligation of the Guarantors under the Guarantee; and (ii) the Debtors are not obligated to bear any of the costs or attorneys' fees and expenses incurred by the Trustee and the Noteholders in connection with the above-captioned adversary proceeding.

(b) such other and further relief as the Court deems just and proper, including, but not limited to, costs and reasonable attorneys' fees and expenses.

Dated: New York, New York
May 9, 2014

                WILLKIE FARR & GALLAGHER LLP
                *Proposed Counsel for the Debtors,*
                *Debtors in Possession, and Plaintiffs*

                By:  /s/ Joseph T. Baio
                      Joseph T. Baio  (jbaio@willkie.com)
                      Dan C. Kozusko  (dkozusko@willkie.com)

                      787 Seventh Avenue
                      New York, New York  10019-6099
                      Telephone:  (212) 728-8000
                      Facsimile:  (212) 728-8111