UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MPM Silicones, LLC, *et al.*,[1]<br><br>                Debtors. | )<br>)  Chapter 11<br>)<br>)  Case No. 14-22503 (RDD)<br>)<br>)  Jointly Administered<br>)<br>) |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MPM SILICONES, LLC, ET AL. TO EMPLOY AND RETAIN JEFFERIES LLC AS INVESTMENT BANKER *NUNC PRO TUNC* TO APRIL 22, 2014**

Upon the application, dated May 23, 2014 (with the exhibits thereto, the "Application")[2], of the Official Committee of Unsecured Creditors (the "Committee") of MPM Silicones, LLC and certain of its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of New York (the "Local Rules") authorizing the employment and retention of Jefferies LLC ("Jefferies") as its investment banker, effective as of April 22, 2014, pursuant to the terms of that certain engagement letter between the Committee and Jefferies, dated as of April 22, 2014 (the "Engagement Letter"); and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC(9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii); MPM Silicones LLC (5481). The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and upon the objections to the Application and the Committee's reply thereto; and upon the record of the hearing held by the Court on the Application on June 10, 2014 (the "Hearing"); and this Court having found and concluded based on the representations in the Application, the Szlezinger Declaration and on the record of the Hearing that Jefferies does not represent any other entity having an adverse interest in connection with the case and that the terms of compensation being sought by the Application as set forth in the Engagement Letter are reasonable for purposes of 11 U.S.C. § 328(a); and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Application is granted and the Engagement Letter are hereby approved, to the extent provided herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and retain Jefferies *nunc pro tunc* to April 22, 2014 as its investment banker in these Chapter 11 Cases on the terms set forth in the Application, the Engagement Letter and the Szlezinger Declaration.

3. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4. Jefferies shall be compensated on the terms specified in the Engagement Letter, subject to the terms of this Order, and Jefferies, subject to the terms of this order shall serve fee statements and file and serve interim and final fee applications for allowance of the fees and expenses payable under the terms of the Engagement Letter and this Order, pursuant to the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules, any applicable orders of this Court, and any guidelines regarding the submission and approval of fee applications.

5. Except as otherwise provided herein, Jefferies shall be compensated subject to prior approval of this Court pursuant to Bankruptcy Code section 328(a), and not subject to any other standard of review under Bankruptcy Code section 330, in accordance with the terms of the Engagement Letter (including the Monthly Fees and the Transaction Fee), subject also to section 328(c) of the Bankruptcy Code.

6. Notwithstanding the preceding paragraph, the U.S. Trustee shall retain the right to object to all fees and expenses, including, but not limited to the Transaction Fee and Monthly Fees, payable pursuant to the Engagement Letter based on the reasonableness standard provided for in Bankruptcy Code section 330.

7. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of this Court or any guidelines regarding submission and approval of fee applications, Jefferies' restructuring professionals shall be required to provide summary time records for services rendered to the Committee only in one-half hour increments, Jefferies's non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to keep time records, Jefferies's restructuring professionals shall keep time records in a project category basis consistent with those used by the Committee's other retained professionals, and Jefferies shall not be required to provide or conform to any schedule of hourly rates.

8. In addition to the fees for professional services rendered by Jefferies, pursuant to the terms of the Engagement Letter, Jefferies is entitled to reimbursement by the Debtors for reasonable and necessary expenses incurred in connection with the performance of its

3

engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Jefferies's counsel (which counsel shall not be required to be retained pursuant to the Bankruptcy Code or otherwise), in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the Fee Guidelines promulgated by the Office of the U.S. Trustee.

9. The indemnification provisions set forth in the Engagement Letter are approved, subject to the following:

(a) all requests of Indemnified Persons (as defined in the Engagement Letter) for payment of indemnity, contribution or otherwise pursuant to the indemnification provisions of the Engagement Letter prior to the Debtors' emergence from bankruptcy shall be made by means of an application to the Court (interim or final as the case may be) and shall be subject to review by the Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court, and to ensure that payment of such indemnity or contribution is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall an Indemnified Person, as defined in the Indemnity, be indemnified or receive contribution in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct on the part of that or any other Indemnified Person;

(b) in the event an Indemnified Person seeks reimbursement for reasonable attorneys' fees from the Debtors pursuant to the indemnification provisions of the Engagement Letter prior to the Debtors' emergence from bankruptcy, the invoices and supporting time records from such attorneys shall be included in Jefferies's applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code;

(c) In no event shall any Indemnified Person be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of such Indemnified Person's counsel other than those incurred

4

in connection with a request by an Indemnified Person for payment of indemnity; and

(d) In no event shall any Indemnified Person be indemnified if the Debtors or representatives of the estates assert a claim for, and a court determines by final order that such claim arose out of, such Indemnified Person's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

10. Jefferies shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

11. To the extent this Order is inconsistent with the Engagement Letter or the Application, this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

14. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: June 10, 2014
      White Plains, New York                /s/Robert D. Drain_____
                                           THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE