UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                              :    Chapter 11
                                                                       :
MPM Silicones, LLC, et al.,[1]                          :    Case No. 14-22503 (RDD)
                                                                       :
                                 Debtors.                    :    (Jointly Administered)
-------------------------------------------------------x

### JOINT STIPULATION BETWEEN THE DEBTORS AND THE DOW CHEMICAL COMPANY AND ITS SUBSIDIARIES AND AFFILIATES TO LIFT THE AUTOMATIC STAY TO ALLOW THE SETOFF OF MUTUAL PREPETITION OBLIGATIONS AND TO ADDRESS OTHER TRADE CREDIT ISSUES

This joint stipulation (the "Stipulation") is made this 3rd day of July, 2014, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") (on the one hand), including MPM Silicones, LLC ("MPM Silicones") and Momentive Performance Materials USA, Inc. ("MPM USA"), and The Dow Chemical Company ("TDCC") and its subsidiaries and affiliates (collectively, "Dow") (on the other hand), including but not limited to Rohm and Haas Chemicals LLC ("ROH").

**WHEREAS**, on April 13, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and continue to operate and manage their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, TDCC and Momentive Performance Materials, Inc. are parties to a

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481).  The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

prepetition contract pursuant to which TDCC sells goods to MPM Silicones (the "Contract");[2]

**WHEREAS**, TDCC and MPM Silicones maintained a prepetition relationship through which TDCC purchased certain goods from MPM Silicones;

**WHEREAS**, ROH and MPM Silicones maintained a prepetition relationship through which ROH purchased and sold certain goods from and to MPM Silicones;

**WHEREAS**, ROH and MPM USA maintained a prepetition relationship through which ROH sold certain goods to MPM USA;

**WHEREAS**, Dow is beneficiary of an irrevocable standby letter of credit dated December 21, 2012 (as amended, the "LOC") securing all receivables owed by Momentive Performance Materials, Inc. and its subsidiaries and affiliates including, *inter alia*, MPM Silicones and MPM USA, on a global basis with a cap of $8 million;

**WHEREAS**, with respect to goods purchased from and sold to MPM Silicones before the Petition Date, (i) TDCC is indebted to MPM Silicones in the aggregate amount of $845,013.80 (the "TDCC Debt") and (ii) MPM Silicones is indebted to TDCC in the approximate aggregate amount of $4.6 million (the "TDCC Credit");[3]

**WHEREAS**, the TDCC Debt and the TDCC Credit (i) are owed between MPM Silicones and TDCC and not any affiliate, subsidiary or other related entity of either party; (ii) are due and owing between the same parties in the same capacity; and (iii) were neither transferred by any entity to MPM Silicones or TDCC nor incurred for the purposes of obtaining a setoff right nor in any way relate to or involve a post-petition transaction;

---

[2] The term "Contract" includes the Global Sales Agreement NA4424 with the Addendum A and the North American and European Supplementary Agreements.

[3] A chart detailing the invoices comprising the TDCC Debt and the TDCC Credit, and the amount by which the TDCC Credit exceeds the TDCC Debt is attached hereto as Exhibit A and incorporated herein by reference.

2

**WHEREAS**, with respect to goods purchased from and sold to MPM Silicones before the Petition Date, (i) ROH is indebted to MPM Silicones in the amount of $7,001.90 (the "ROH Debt") and (ii) MPM Silicones is indebted to ROH in the amount of $3,116.77 (the "ROH Credit");[4]

**WHEREAS**, the ROH Debt and the ROH Credit (i) are owed between MPM Silicones and ROH and not any affiliate, subsidiary or other related entity of either party; (ii) are due and owing between the same parties in the same capacity; and (iii) were neither transferred by any entity to MPM Silicones or ROH nor incurred for the purposes of obtaining a setoff right nor in any way relate to or involve a post-petition transaction;

**WHEREAS**, ROH is owed the net aggregate amount of $233,956.31 with respect to goods sold to MPM USA prior to the Petition Date (the "MPM USA Credit");

**WHEREAS**, the Debtors agree that the automatic stay should be lifted to allow (i) TDCC to set off the TDCC Debt against the TDCC Credit and (ii) ROH to set off the ROH Debt against the ROH Credit;

**WHEREAS**, after the TDCC Debt is set off, there will be a balance owed to TDCC on the TDCC Credit (the "TDCC Balance");

**WHEREAS**, after the ROH Credit is set off, there will be a balance owed to MPM Silicones on the ROH Debt in the amount of $3,885.13 (the "MPM Silicones Balance);

**WHEREAS**, Dow held an administrative claim pursuant to section 503(b)(9) of the Bankruptcy Code as of the Petition Date and continues to supply goods to the Debtors that are critical to their ongoing operations;

**WHEREAS**, but for the LOC, Dow would have been designated as a Critical Vendor

---

[4] A chart detailing the invoices comprising the ROH Debt and the ROH Credit, and the amount by which the ROH Debt exceeds the ROH Credit is attached hereto as Exhibit B and incorporated herein by reference.

3

and/or a Critical 503(b)(9) Vendor as such terms are defined pursuant to this Court's *Final Order Pursuant to Sections 105(a), 363(b), 503(b) and 507(a) of the Bankruptcy Code Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors, Foreign Vendors and Suppliers of Goods Entitled to Administrative Priority* [Docket No. 218] (the "Critical Vendor Order");

**WHEREAS**, the Critical Vendor Order authorizes the Debtors to waive their right to challenge payments made to critical vendors as preferential pursuant to section 547 of the Bankruptcy Code;

**WHEREAS**, the Debtors have agreed to waive the right to challenge any payments made to Dow prior to the Petition Date as preferential pursuant to section 547 of the Bankruptcy Code; and

**WHEREAS**, Dow has agreed to extend to the Debtors net 15 day credit terms from invoice date during the period from the date on which this Stipulation is approved by the Court through the earliest of thirty (30) days following the effective date of the Debtors' Joint Chapter 11 Plan of Reorganization, the conversion of their Chapter 11 cases to Chapter 7 cases, the appointment of a trustee or an examiner, or the dismissal of the Debtors' Chapter 11 bankruptcy cases (the "Stipulation Period")[5] *subject to "Credit" provisions contained in section A4.1.2 of Contract Addendum and provided that, in Dow's sole discretion, there exists sufficient availability under the LOC to secure the repayment of Dow's global exposure with the Debtors and their non-debtor subsidiaries and affiliates.*

**NOW, THEREFORE**, in consideration of the foregoing recitals and the covenants and conditions set forth herein, and pursuant to sections 362(d) and 553 of the Bankruptcy Code, the Debtors and Dow hereby stipulate and agree:

---

[5] Notwithstanding the foregoing, prior to the expiration of the Stipulation Period, the parties will negotiate in good faith the payment terms to be applied under the Contract following the Stipulation Period.

4

1. The recitals set forth above are hereby incorporated by reference with the same force and effect as if fully set forth hereinafter.

2. Pursuant to sections 362(d) and 553(a) of the Bankruptcy Code, relief from the automatic should be afforded solely to allow TDCC to set off the TDCC Debt against the TDCC Credit.

3. TDCC and the Debtors shall cooperate in reconciling (a) the invoices comprising the TDCC Credit and the TDCC Debt (as set forth on Exhibit A) subject to setoff in accordance with paragraph 2 of this Order and (b) any and all other amounts owed by and among them for goods sold prior to the Petition Date that are not addressed in this Stipulation.

4. Nothing herein shall in any way prohibit or otherwise impact Dow's ability to draw on the LOC to satisfy the TDCC Balance, the MPM USA Credit and/or any other obligations owed by the Debtors to Dow.

5. Pursuant to sections 362(d) and 553(a) of the Bankruptcy Code, relief from the automatic should be afforded solely to allow ROH to set off the ROH Debt against the ROH Credit.

6. Within five (5) business days following the date on which this Stipulation is approved by the Court, ROH shall pay the MPM Silicones Balance in the amount of $3,885.13 to MPM Silicones.

7. By paying the MPM Silicones Balance as set forth herein, ROH will not be deemed to waive the right of setoff as a defense to any avoidance actions initiated against it in connection with the Debtors' bankruptcy cases.

8. Effective as of the date on which this Stipulation is approved by the Court, the Debtors shall be deemed to waive the right to challenge any payments made to Dow as

5

preferential pursuant to section 547 of the Bankruptcy Code and such waiver is hereby authorized, approved, and binding upon the Debtors and any subsequently appointed trustee.

9. To the extent this Stipulation is not executed and filed with the Court on or before July 3, 2014, Dow reserves the right to draw on the LOC to satisfy the TDCC Credit and the ROH Credit.

10. This Stipulation sets forth the entire agreement and understanding by and among the Debtors and Dow with respect to the subject matter hereof.

11. The Court retains jurisdiction to hear any and all matters or disputes arising from or relating to this Stipulation.

12. Facsimile or other electronic copies of signatures on this Stipulation are acceptable, and a facsimile or other electronic copy of a signature is deemed an original.

13. This Stipulation may be executed in counterparts, each of which is deemed an original but, when taken together constitute one and the same document.

14. Notwithstanding the provisions of Bankruptcy Rule 6004, the effectiveness of this Stipulation shall not be stayed for fourteen days but shall be final, effective and immediately enforceable upon its entry by the Court.

**IN WITNESS WHEREOF** and in agreement herewith, by and through their undersigned counsel, the Debtors and Dow have executed and delivered this Stipulation as of the date first set forth above.

| | |
|---|---|
| THE DOW CHEMICAL COMPANY AND ITS SUBSIDIARIES AND AFFILIATES, INCLUDING BUT NOT LIMITED TO, ROHM AND HAAS CHEMICALS LLC | MPM SILICONES, LLC, *et al*., Debtors and Debtors in Possession |
| By: /s/ Scott Freedman | By: /s/ Matthew A. Feldman |
| Anne Marie P. Kelley<br>Scott Freedman<br>*Dilworth Paxson LLP*<br>457 Haddonfield Road, Suite 700<br>Cherry Hill, New Jersey 08002<br>Telephone: (856) 675-1952<br>Facsimile: (856) 663-8855<br><br>*Attorneys for The Dow Chemical Company and its subsidiaries and affiliates, including but not limited to, Rohm and Haas Chemicals LLC* | Matthew A. Feldman<br>Rachel C. Strickland<br>Jennifer J. Hardy<br>Ji Hun Kim<br>WILLKIE FARR & GALLAGHER LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 728-8000<br>Facsimile: (212) 728-8111<br><br>*Counsel for the Debtors and Debtors in Possession* |

So Ordered this 11th day of July, 2014

  /s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE