UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MPM Silicones, LLC, *et al.*,[1] | Case No. 14-22503 (RDD) |
| Debtors. | Jointly Administered |

### ORDER (I) CLARIFYING CERTAIN ASPECTS OF THE FINAL DIP FINANCING ORDER AND (II) EXTENDING THE OBJECTION DEADLINE ARISING UNDER THE FINAL DIP FINANCING ORDER

Upon consideration of the motion, dated July 3, 2014 (the "Motion"),[2] of the Official Committee of Unsecured Creditors (the "Committee") to (I) clarify certain aspects of the Final DIP Financing Order and (II) extend the Objection Deadline arising under the Final DIP Financing Order; and there being due and sufficient notice of the Motion; and upon the objections thereto and the Committee's response and all other pleadings filed in connection therewith; and upon the record of the hearing held by the Court on the Motion on July 18, 2014 (the "Hearing") and the Court's review of the Final DIP Financing Order; and the Court having found and determined that the relief sought in the Motion to the extent granted herein is in the best interests of the Committee, the Debtors' estates, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, in each case as more fully set forth in the record of the Hearing; and after due deliberation and sufficient cause appearing therefor:

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC(9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii); MPM Silicones LLC (5481). The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

IT IS HEREBY FOUND AND DETERMINED THAT:

1. <u>Jurisdiction and Venue; Core Proceeding</u>.  The Court has jurisdiction to grant the relief provided for herein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(c). This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these chapter 11 cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. <u>Statutory and Other Predicates</u>.  The predicates for the relief sought in the Motion are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b), based upon "cause shown" as required by paragraph 26 of the Final DIP Financing Order.

3. <u>Adequacy of Notice</u>.  Notice of the Motion was timely, adequate, proper, and sufficient, and constituted the best notice practicable under the particular circumstances.  No other or further notice of the Motion is required.

4. <u>Opportunity to be Heard</u>.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein and granted in this Order has been provided.

5. <u>Objections Overruled</u>.  Any objections to the Motion that were not withdrawn or settled at or prior to the Hearing or reflected in this Order are overruled by the Court in their entirety.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

(a)   The Motion is GRANTED to the extent provided herein.

(b)   The Stipulations and Admissions under the Final DIP Financing Order do not expand on the grant of any prepetition lien or security interest granted on or in any of the Prepetition Collateral beyond the extent set forth in the applicable Prepetition Debt Documents and applicable law or reduce the property to which any prepetition lien or security interest

granted on or in any of the Prepetition Collateral as set forth in the applicable Prepetition Debt Documents has attached.

(c) Other than as specifically set forth in paragraph 4(r) of the Final DIP Financing Order, the Stipulations and Admissions do not purport to determine the value of any of the Prepetition Collateral, and thus the Objection Deadline does not apply to arguments based on the value of any particular property or to arguments about the extent to which, if any, the Debtors had an equity in such property. The Committee has confirmed that it does not dispute the Stipulations and Admissions set forth in paragraph 4(r) of the Final DIP Financing Order.

(d) [Intentionally omitted]

(e) Subject to the requirement in paragraph (h) hereof, the Objection Deadline under the Final DIP Financing Order is hereby extended for cause shown through and including (I) if the RSA Plan is not confirmed or if the Debtors withdraw the RSA Plan, 30 days after the earlier of (a) entry of an order by this Court denying confirmation of the RSA Plan and (b) entry of a notice of the Debtors' withdrawal of the RSA Plan; and (II) if the RSA Plan is confirmed or confirmation is pending, November 10, 2014; *provided, however*, that the Committee having confirmed that it does not dispute the Stipulations and Admissions set forth in paragraph 4(r) of the Final DIP Financing Order, paragraph 4(r) is binding upon the Committee, and the Objection Deadline is not and shall not be extended with respect to paragraph 4(r) for any party. If the RSA Plan is confirmed and becomes effective on or prior to November 10, 2014, the extension of the Objection Deadline will terminate upon the effectiveness of the RSA Plan. If a motion to further extend the Objection Deadline or to obtain standing to pursue Claims and Defenses is timely filed prior to the expiration of the Objection Deadline, the Objection Deadline shall be tolled pending entry of an order by this Court ruling on any such motion (but, in the case of a

motion for standing, only with respect to the Claims and Defenses that are the subject of such motion). For the avoidance of doubt, any such tolling of the Objection Deadline shall not be deemed to stay or otherwise preclude the Debtors from consummating the RSA Plan if the RSA Plan is confirmed.

(f)    Except as otherwise provided in paragraph (e) hereof, nothing herein shall preclude the Committee from seeking further extensions of the Objection Deadline or preclude other parties in interest from opposing such requests.

(g)    For the avoidance of doubt, this Order shall not prejudice the rights of any Prepetition Secured Party to oppose any adversary proceeding or contested matter including, without limitation, challenging the validity, enforceability, priority, or extent of the Prepetition ABL Obligations, the Cash Flow Obligations, the First Lien Obligations, the 1.5 Lien Obligations, the Second Lien Obligations, or the liens on the Prepetition Collateral securing any such obligations.

(h)    Before the commencement of the plan confirmation hearing scheduled to begin on August 18, 2014, the Committee shall file a notice on the docket describing any Claims and Defenses subject to the Objection Deadline that may be pursued by the Committee with at least the same degree of specificity as certain Claims and Defenses were described in the Motion (the "Committee Notice"). The Objection Deadline will not be extended with respect to any Claims and Defenses otherwise subject to the Objection Deadline that are not identified in the Committee Notice.

(i)    Except as specifically set forth in this Order, the Stipulations and Admissions and the Objection Deadline remain in effect in accordance with the terms of the Final DIP Financing Order.

(j)     This Order shall be binding in all respects on the Debtors, the Committee, and affected parties and any successors thereto and all creditors and other parties in interest.

(k)     The provisions of this Order are nonseverable and mutually dependent.

(l)     This Court shall retain jurisdiction and power to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from or related to this Order.

Dated: July 24, 2014
       White Plains, New York

                              __/s/Robert D. Drain_____
                              HONORABLE ROBERT D. DRAIN
                              UNITED STATES BANKRUPTCY JUDGE