Matthew A. Feldman
Rachel C. Strickland
Jennifer J. Hardy
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

-and-

Phyllis M. Potterfield (*pro hac vice* motion pending)
Bowles Rice LLP
600 Quarrier Street
Charleston, West Virginia 25301
Telephone:  (304) 347-1100
Facsimile:  (304) 343-2867

*Co-Counsel for the Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MPM Silicones, LLC, et al.,[1] | : | Case No. 14-22503 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x

## REORGANIZED DEBTORS' OMNIBUS REPLY (A) IN SUPPORT OF REORGANIZED DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (CLAIM NOS. 918 AND 919 FILED BY SHERRI TUCKER AND BRIAN TUCKER), AND (B) OBJECTING TO CROSS-MOTION FOR ORDER FOR THE EXAMINATION OF DEBTORS PURSUANT TO BANKRUPTCY RULE 2004

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481).  The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

The above-captioned reorganized debtors (collectively, the "**Debtors**") submit this omnibus reply (this "**Reply**") (a) in support of the *Reorganized Debtors' Eighteenth Omnibus Objection to Claims (Claim Nos. 918 and 919 Filed by Sherri Tucker and Brian Tucker)* [Docket No. 1384] (the "**Objection**"),[2] and (b) objecting to the *Cross-Motion for Order for the Examination of Debtors Pursuant to Bankruptcy Rule 2004* [Docket No. 1416] (the "**Rule 2004 Motion**").

## PRELIMINARY STATEMENT

1.      The law in this Circuit is clear that bankruptcy courts may exercise jurisdiction over matters, such as this one, pertaining to the disallowance of personal injury claims based on dispositive legal defenses.  None of the arguments raised in Plaintiffs' response to the Objection [Docket No. 1415] (the "**Response**"), which amount to nothing more than red herrings, alter this fact.  Simply put, the Plaintiffs have failed to set forth (in their Complaint, Amended Complaint and the Response) any support for the single issue upon which their personal injury action, and corresponding proofs of claim, hangs:  that there was a specific unsafe working condition in violation of a state or federal safety statute, rule or regulation specifically applicable to Plaintiff Brian Tucker's work and working conditions, the violation of which caused the injury at issue.[3]  Accordingly, the Plaintiffs have not met the requisite pleading standard to overcome the workers' compensation statutory bar.

---

[2]      References to capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

[3]      Momentive does not concede that the other four criteria set forth in W. Va. Code § 23-4-2(d)(2)(ii) are met in Plaintiffs' pleadings.  In fact, Plaintiffs have never alleged facts that show that Momentive, prior to Mr. Tucker's injury, had actual knowledge of the perils of such unsafe working condition and, nonetheless, intentionally exposed the Plaintiff to such condition.  For purposes of this Objection, Momentive has focused on the requirement set forth in the third criterion of W. Va. Code § 23-4-2-(d)(2)(ii)(c), specifically, "[t]hat the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or

2.      Moreover, contrary to the assertions made in the Response, the Debtors have *not* waived their rights to argue that the Plaintiffs have failed to properly plead the Deliberate Intent Claim, nor has their right to file a motion to dismiss or a motion for summary judgment expired in the underlying Action.  In fact, the Debtors expressly preserved such argument as their first affirmative defense in their answer to the First Amended Complaint. Moreover, a previous order by the West Virginia Court—the substance of which is mischaracterized in the Response—does nothing to support the Plaintiffs' estoppel arguments. Therefore, the Objection should be granted and the Claims should be disallowed and expunged as a matter of law.

3.      In addition, the relief requested by the Plaintiffs in the Rule 2004 Motion is inappropriate and should be denied for the following three reasons.  First, since the Rule 2004 Motion was filed, the Debtors have provided all applicable insurance policies for the years 2006 through the present and addressed the subjects to be reviewed in connection with any examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**<u>Rule 2004</u>**"). Since the Debtors have provided all insurance policies in their possession which were requested by the Rule 2004 Motion, the relief requested therein is duplicative and unnecessary, and thus, should be denied.  Second, while the scope of Rule 2004 is broad, it is not unlimited.  Plaintiffs' request for the remaining insurance policies in the Rule 2004 Motion (<u>i.e.</u>, insurance policies from 1977 through 2005) is overbroad and beyond the scope of documents in the possession of the Debtors; the Rule 2004 Motion requests all insurance policies since 1977, but the Debtors were spun off from General Electric Company in 2006 and accordingly, the Debtors only have in

---

guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions; . . ."

their possession insurance policies starting in 2006.  Third, the Rule 2004 Motion is premature at

this stage and should not be addressed until this Court has an opportunity to make a

determination on the Objection.  If this Court were to grant the Objection and expunge the

Claims, the Rule 2004 Motion would be moot.  On the other hand, should this Court deny the

Objection or determine that it does not have jurisdiction to decide the Objection, it should refer

the Action to the District Court for the Southern District of New York pursuant to 28 U.S.C. §

157(b) to determine the proper venue in which the Action should proceed.  Under this scenario,

the relief requested in the Rule 2004 Motion would not be proper as the District Court could set

its own discovery schedule.

4.      For all of these reasons, and as more fully discussed below, the Debtors

respectfully request that the Court grant the Debtors' Objection and deny the Rule 2004 Motion.

## **BACKGROUND**[4]

5.      On January 31, 2013, the Plaintiffs commenced the Action against

Momentive, alleging that Plaintiff Brian Tucker, a former employee of Momentive (and its

predecessor, General Electric Company) from 1977 until 2011, suffered personal injuries due to

exposure to chemicals at a facility now owned by Momentive.[5]  In support of these allegations,

the Plaintiffs assert a claim pursuant to West Virginia Code § 23-4-2, alleging that Momentive

acted with the deliberate intent to produce Plaintiffs' injuries.  Plaintiffs also assert multiple

other claims against Momentive in the Action, including strict products liability, negligence,

negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, loss of

---

[4]      A summary timeline of all relevant events and court filings in the Action is attached hereto as <u>Exhibit A</u>, including citations to where such filings can be found in the record.

[5]      On July 16, 2014, the Plaintiffs filed the Claims, which are the subject of the Objection, asserting general unsecured claims against Momentive in unliquidated amounts based on the alleged facts and circumstances underlying the Action.

consortium as well as a claim for punitive damages—all of which are barred under West

Virginia's workers' compensation statute, a fact that Plaintiffs do not contest in their Response.

6.    On April 15, 2013, Momentive filed a motion to dismiss Plaintiffs'

original complaint (the "**Motion to Dismiss**") on the grounds that Plaintiffs had failed to

adequately plead the Deliberate Intent Claim with sufficient specificity.  In response, on June 6,

2013, the Plaintiffs filed a motion to amend their complaint (the "**Motion to Amend**"), which

was granted by the West Virginia Court on November 18, 2013 (the "**Amendment Order**," a

copy of which is annexed hereto as Exhibit B).  Contrary to Plaintiffs' mischaracterization of the

Amendment Order in their Response, the West Virginia Court did *not* expressly find that the

First Amended Complaint pled the Deliberate Intent Claim with sufficient specificity to survive a

motion to dismiss.  Instead, the West Virginia Court simply held that the First Amended

Complaint related back to the date the original complaint was filed and found "that Mr. Tucker's

deliberate intent claim, though arguably asserted for the first time in his amended pleading and

after the statute of limitations has tolled, relates back to his original pleading."  See Amendment

Order at 2.[6]

7.    On December 2, 2013, Momentive filed its answer to the First Amended

Complaint (the "**FAC Answer**," a copy of which is annexed hereto as Exhibit C), which, again,

contested the pleading of Plaintiffs' claims by raising the affirmative defense that the First

Amended Complaint "fails to state a claim against Momentive upon which relief can be

granted."  See FAC Answer at 12.  As pointed out by Plaintiffs in their Response, the West

Virginia Court also stated that the First Amended Complaint was amended to include additional

---

[6]        On May 6, 2015, Plaintiffs filed a new motion to amend their Second Amended Complaint, attaching a
copy of a proposed third amended complaint.  This latest complaint, as to Momentive, contains allegations
of certain additional chemicals with respect to the Plaintiffs' Remaining Claims, but does not substantively
amend the pleadings with respect to the Deliberate Intent Claim.

factual allegations that "are obviously designed to track the West Virginia Statute setting forth the elements of a deliberate intent cause of action"—however, the court did ***not***, as Plaintiffs assert, determine the adequacy of the pleading of the Deliberate Intent Claim.[7]

8.    The Plaintiffs filed the Second Amended Complaint on July 29, 2014. Because this filing occurred after the commencement of these chapter 11 cases, the Action was stayed as to Momentive pursuant to the automatic stay and the injunction contained in Section 12.4 of the Debtors' confirmed Plan.  Accordingly, to date Momentive has not yet had an opportunity to file an answer or a motion to dismiss with respect to the Second Amended Complaint.[8]

## REPLY

### I.    The Claims Should Be Disallowed and Expunged

9.    The Deliberate Intent Claim fails as a matter of law because Plaintiffs have not satisfied the stringent pleading requirements under applicable West Virginia workers' compensation law.[9]  Specifically, Plaintiffs failed to sufficiently allege either (a) that Momentive "acted with a consciously, subjectively and deliberately formed intent" to produce Brian Tucker's injuries (which Plaintiffs have not asserted), or (b) that Momentive's conduct satisfies the five specific criteria, which by statute constitute "deliberate intent" (which Plaintiffs have failed to properly assert in the Action).  See W. Va. Code § 23-4-2(d)(2).  Specifically, Plaintiffs

---

[7]    See Amendment Order at 4.

[8]    As previously noted, Plaintiffs have pending a motion to file a third amended complaint.  See footnote 6 above.

[9]    In addition to the Deliberate Intent Claim, the Debtors are also seeking to deny Plaintiff Brian Tucker's Remaining Claims (on the basis that such claims are barred by the West Virginia Workers' Compensation Act) as well as Plaintiff Sherri Tucker's claim for loss of consortium (as there is no cognizable derivative claim on behalf of Sherri Tucker since Brian Tucker does not have a cognizable claim).  Notably, Plaintiffs did not attempt to contest the Debtors' objections to these Remaining Claims in their Response.

have failed to allege, as required under applicable West Virginia law, that there was a ***specific***

unsafe working condition in violation of a state or federal safety statute, rule or regulation which

was ***specifically*** applicable to Plaintiff Brian Tucker's work and working conditions, the

violation of which caused his injury.  <u>See id</u>.  This conclusion remains unchanged despite the

arguments raised by Plaintiffs in the Response, and thus, Plaintiffs have failed to overcome the

workers' compensation immunity enjoyed by Momentive under West Virginia law.  <u>See</u> W. Va.

Code § 23-2-6.

### A. Momentive Has Not Waived Its Right to Argue that Plaintiffs Failed to Sufficiently Plead Their Claims

10.    In the Response, Plaintiffs argue that because the West Virginia Court

found that Momentive did not contest the adequacy of the First Amended Complaint in regard to

the Plaintiffs' Deliberate Intent Claim, Momentive has waived that argument and should be

estopped from raising it now.[10]  This contention is meritless.

11.    When taken in its entirety, the decision by the West Virginia Court stated

as follows:  "Momentive does not contest the adequacy of the amended complaint; instead, it

argues that the Court should deny leave to amend since the statute of limitations on Plaintiffs'

deliberate intent claim has run out and, according to Momentive this claim does not relate back

to the date the original complaint was filed."  <u>See</u> Amendment Order at 2.  As is facially evident,

the West Virginia Court was ***not*** issuing a ruling on either the adequacy of the pleadings in the

First Amended Complaint or any ramifications of Momentive's choice not to contest the

adequacy of the First Amended Complaint in its objection; rather, the West Virginia Court was

simply stating a fact in the context of the relation back issue raised by Momentive – the only

issue the West Virginia Court was deciding.  Momentive did not concede the adequacy of the

---

[10]    <u>See</u> Response at ¶¶ 9-12.

First Amended Complaint in its objection and supporting memorandum, and the West Virginia

Court clearly did not rule on that issue.  Rather, the issue was left open for another day, to be

addressed after the First Amended Complaint was filed and Momentive had its opportunity to

file its response.  Therefore, the doctrines of collateral estoppel and res judicata are inapplicable

here.

          12.     Not only have Plaintiffs failed to accurately characterize the ruling by the

West Virginia Court, but they have also failed in their Response to present any substantive

argument with respect to waiver and estoppel.  Indeed, they have no basis on which to obtain

such relief under West Virginia law.  "Although the doctrines of waiver and estoppel are both

grounded in equity, they differ significantly in application.  To effect a waiver, there must be

evidence, which demonstrates that a party has intentionally relinquished a known right.  Estoppel

applies when a party is induced to act or to refrain from acting to her detriment because of her

reasonable reliance on another party's misrepresentation or concealment of a material fact."

Potesta v. United States Fidelity & Guaranty Co., 202 W. Va. 308, 315 (W. Va. 1998) (quoting

Ara v. Erie Ins. Co., 182 W. Va. 266 (W. Va. 1989)).  Plaintiffs have not asserted any actions by

Momentive evidencing a waiver or causing Plaintiffs to be induced into action or inaction such

that estoppel would apply.

          13.     Notably, Momentive expressly preserved its right to contest the adequacy

of the pleadings in its answer to the First Amended Complaint, stating as its first defense that

"Plaintiffs' Complaint fails to state a claim against Momentive upon which relief can be

granted."[11]  The Plaintiffs are now attempting to make an end run around that defense by raising

---

[11]     See FAC Answer at p. 12.

-8-

untenable waiver and estoppel arguments.[12]  For the foregoing reasons, Momentive respectfully

submits that Plaintiffs' conclusory arguments of waiver and estoppel should be denied and

Momentive should be permitted to argue that Plaintiffs have not sufficiently pled their claims.

### B. The Claims Should Be Disalllowed and Expunged Because Plaintiffs Have Failed to Adequately Plead Sufficient Facts as Required Under Applicable West Virginia Law

14.    Both parties have briefed this Court on the specific parameters set forth in

West Virginia Code § 23-4-2 defining "deliberate intention" which must be specifically pled in

order to state a claim.  While those requirements are clear and unambiguous, Plaintiffs have

failed to adequately plead (in any of their complaints or the Response) sufficient facts to satisfy

them.

15.    Specifically, the Plaintiffs have made no allegation of even a single,

specific unsafe working condition that was in violation of a state or federal safety statute,

regulation, or industry standard, which was *specifically* applicable to Plaintiff Brian Tucker's

work and put the employer on notice, as required by West Virginia Code § 23-4-2(d)(2)(ii) (as

interpreted by Greene v. Carolina Freight Carriers, 663 F. Supp 112, 115 (S.D. W. Va. 1987),

aff'd 840 F.2d 10 (4th Cir. 1988)).

16.    Plaintiffs' reliance, in their Response, on the February 18, 2014, report

from the U.S. Department of Health and Human Services (the "**HHS Report**," a copy of which

is annexed to the Response as Exhibit C), is misplaced and does not satisfy the pleading

requirements of applicable West Virginia law.[13]

---

[12]    See Response at ¶¶ 9-12.

[13]    See W. Va. Code § 23-4-2(d)(2); Greene v. Carolina Freight Carriers, 663 F. Supp at 115.

17.     First, the HHS Report relates to a period later in time than the alleged

exposure of Brian Tucker at Momentive (the HHS Report was issued in February 2014, with a

first site visit in February 2013, while Plaintiff Brian Tucker worked at Momentive's predecessor

and Momentive from 1977 through 2011).  Thus, there could not have been a finding in the HHS

Report that could have in any way put the employer on notice of either a specific unsafe working

condition or of a violation of a specific statute, rule, regulation, or industry standard at the time

of Brian Tucker's alleged workplace exposures and injury.

18.     Second, while the HHS Report makes general findings, some of which the

Plaintiffs selectively recite in their Response, the HHS Report does not identify any *specific*

violation of a statute, regulation or industry standard relating to any specific unsafe working

condition.[14]  In fact, the Report generally concludes: "While we cannot determine if the

employees are at risk of health effects secondary to work exposures, we do feel that there is

potential for exposures and secondary health effects due to a large number of chemicals used."

HHS Report at 14.  This conclusion does nothing to satisfy the Plaintiffs' burden of proving

deliberate intent.[15]

19.     In addition to the HHS Report, Plaintiffs also rely on OSHA 1910.1200,

which they assert Momentive violated.  As set forth in the Objection, West Virginia Code § 23-

4-2(d)(2)(ii)(c) expressly provides that general allegations of non-compliance with broad

---

[14]     See Greene v. Carolina Freight Carriers, 663 F. Supp at 115 ("To put the employer on notice, and to
evidence its egregious conduct, the statute or standard must specifically address the unsafe working
condition in question. It is not enough to prove that a part on a piece of machinery was defective and that a
statute or regulation required all parts to be in good working order.").

[15]     While not mentioned in the Response, the HHS Report is also complimentary of Momentive.  For example,
in the section pertaining to industrial hygiene monitoring, the HHS Report states:  "Comprehensive
exposure assessment aims to characterize all exposures for all workers on all days based on the monitoring
of worker groups having similar exposures.  The goal is to understand each worker's exposure, and
hopefully, the risks that such exposures entail.  This approach emphasizes the importance of day-to-day and
between-worker variations in evaluating a given group's exposure profile.  *We commend the industrial
hygiene team at the company for taking on such efforts*."  HHS Report at 12 (emphasis added).

statutes, regulations or industry standards are insufficient to satisfy this third requirement.  In

other words, the specific unsafe working conditions must have violated a statute, regulation, or

industry standard specifically applicable to the alleged unsafe condition.  Here, Plaintiffs'

citation of a single, general safety statute with dozens of individual requirements, OSHA

1910.1200, without reference to any specific provision within that statute, is insufficient to state

a claim against Momentive.  Significantly, Plaintiffs have failed to distinguish, or cite contrary

authority, to the line of cases Momentive referenced in its Objection, cases in which West

Virginia courts found that the failure to plead a specific statute, rule, regulation, or industry

standard was proper grounds for the dismissal of deliberate intention actions.[16]

20.    In support of their argument that OSHA 1910.1200 has been violated by

Momentive, the Plaintiffs attached as Exhibit D to their Response certain OSHA guidelines.

Notably, these guidelines are specifically titled "Guidelines for Employer Compliance

(Advisory)" and as such, are merely advisory and not the type of specific rules or regulations

required under West Virginia Code § 23-4-2(d)(2)(ii)(c).[17]  Specifically, Plaintiffs' reference to

paragraph C titled "Employee Information and Training" is misplaced because it is a general

safety provision, not a specific safety provision or federal safety statute, rule, regulation or

industry standard which was specifically applicable to Plaintiff Brian Tucker's work.[18]

---

[16]    See Greene v. Carolina Freight Carriers, 663 F. Supp at 115; Tolley v. ACF Industries, Inc., 212 W. Va. 548 (W. Va. 2002).

[17]    See Greene v. Carolina Freight Carriers, 663 F. Supp at 115 (holding that a plaintiff's allegations under the Deliberate Intent Statute were insufficient where the statute cited "does not contain any standards or requirements applicable to steps in particular or entrances to tractors in general. It is quite abstract in its command. Indeed, the regulatory language quoted by the Plaintiff falls under a paragraph entitled 'General.'").

[18]    See Response at Exhibit D p. 6.  Similarly, Plaintiffs also allege that Momentive failed to provide a climate where workers are free to ask questions.  This is another type of general advisory guideline which lacks the specificity required by W. Va. Code § 23-4-2(d)(2)(ii)(c).

21.    In addition, Momentive's Objection included a detailed discussion of the twenty-two statutes, rules, regulations or purported industry standards which were cited by Plaintiffs in their Supplemental Response to Defendant's First Set of Interrogatories No. 9 and 10, and explained why these citations also fail to meet the mandate set forth in West Virginia Code § 23-4-2(d)(2)(ii)(c).  See Objection at 14-20.  Plaintiffs' Response does not even attempt to address those contentions or to contest their accuracy.

22.    For all of the foregoing reasons, Plaintiffs' Deliberate Intent Claim (Count I) should be denied as Plaintiffs have failed to satisfy the pleading requirements under applicable West Virginia workers' compensation law.[19]  In addition, Counts II-IX (the Plaintiffs' Remaining Claims) should be denied, as such claims are barred by the West Virginia Workers' Compensation Act, a fact that Plaintiffs do not contest in their Response.[20]

### C.  This Court Has the Authority to Grant the Objection

23.    In their Response, Plaintiffs allege that this Court's assessment of the Objection would require determinations of material fact and therefore, the Objection should be denied and the Action should proceed before the West Virginia Court.  While the Debtors concede that this Court cannot determine issues of fact in the underlying Action, that is not the relief sought by the Objection.  Instead, the Objection can be granted, and the Claims can be expunged, on entirely legal grounds—dispositive legal defenses that do not require this Court to reach the merits of the underlying allegations.  To sustain the Objection, the Court need not determine whether the facts alleged in the Plaintiffs' complaint are true (that is, whether Momentive actually violated a statute that caused the Plaintiffs' injuries), but instead, must

---

[19]    See W. Va. Code § 23-4-2(d).

[20]    See W. Va. Code §§ 23-2-6; 23-4-2(d).

simply find that Plaintiffs have not adequately pled a violation by Momentive.  Therefore, ruling on Momentive's legal defense to the Claims does not involve any determinations of material fact and thus, this Court has jurisdiction to consider the Objection.  See In re Chateaugay Corp., 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1990) ("[T]he bankruptcy court must have jurisdiction to make the threshold determination of whether as a matter of law, a claim exists which can be asserted against the debtor, even if that claim sounds in personal injury tort or wrongful death.").[21]

24.    Even if this Court finds that the Deliberate Intent Claim should not be dismissed, Plaintiffs' Remaining Claims should be dismissed as to Momentive because such claims are shielded by applicable West Virginia workers' compensation law (as discussed in more detail in the Objection)—a fact that Plaintiffs do not contest in their Response.

## II.    The Rule 2004 Motion Should be Denied

25.    The Debtors respectfully request that the Court deny the Rule 2004 Motion, or, in the alternative, delay ruling on the Rule 2004 Motion until the Court has ruled on the Objection.  As an initial matter, since the filing of the Rule 2004 Motion, the Debtors have diligently gathered and provided all existing responsive documents in their possession to the Plaintiffs (i.e., all applicable insurance policies for the years 2006 through the present) and addressed the subjects to be reviewed in connection with any examination under Rule 2004.  In light of the fact that the Debtors have already fully responded to the Rule 2004 Motion, the relief requested therein is duplicative and unnecessary, and thus, should be denied.  Additionally, the request for the remaining documents in the Rule 2004 Motion (i.e., insurance policies from 1977

---

[21]    Should this Court nevertheless determine that it does not have jurisdiction to decide the Objection under 28 U.S.C. § 157(b), or if the Court denies the Objection, then it should refer the Action to the District Court for the Southern District of New York to determine the venue in which the Action should proceed.  See 28 U.S.C. § 157(b)(5); see also Podkolzin v. Amboy Bus Co., 402 B.R. 539 (E.D.N.Y. 2009) (holding that if a bankruptcy court determines that a personal injury suit ought to proceed in federal court instead of state court, then the "bankruptcy court must refer the case to [the district court in which the bankruptcy is pending] to assign the venue" pursuant to 28 U.S.C. § 157(b)).

through 2005) is overbroad and beyond the scope of documents in the possession of the Debtors;

the Rule 2004 Motion requests all insurance policies since 1977, but the Debtors were spun off

from General Electric Company in 2006 and accordingly, the Debtors only have in their

possession insurance policies starting in 2006.

      26.      While the Debtors do not contend that insurance policies held by the

Debtors are not a proper subject of discovery, at this stage, however, the Rule 2004 Motion is

premature.  Discovery issues should not be addressed until this Court has an opportunity to make

a determination on the Objection.  If this Court were to grant the Objection and expunge the

Claims, the Rule 2004 Motion would then be moot, as the Claims would have been deemed

invalid and disallowed.  At that time, the Plaintiffs would no longer be creditors of the Debtors,

and accordingly, would no longer have standing to pursue the Rule 2004 Motion.  See Fed. R.

Bankr. P. 2004 (requiring that the request be made by a "party in interest").  On the other hand,

should this Court determine that it does not have jurisdiction to decide the Objection under 28

U.S.C. § 157(b), or if the Court denies the Objection, it should refer the Action to the District

Court for the Southern District of New York pursuant to 28 U.S.C. § 157(b) to determine the

proper venue in which the Action should proceed.[22]  Under this scenario, the relief requested in

the Rule 2004 Motion would not be proper as the District Court could set its own discovery

schedule.

      27.      Here, all of the information sought under the Rule 2004 Motion relates to

the Action and would be produced during discovery in the Action.  Therefore, the Rule 2004

---

[22]    See footnote 21.  In addition, the Court may exercise its discretion to decide whether or not to grant the
Rule 2004 Motion.  See In re Enron, 281 B.R. at 840 ("As the permissive language of the rule suggests, the
Court has the discretion to grant a request for a 2004 examination."); In re Bd. of Dirs. Of Hopewell Int'l
Indus., Ltd., 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) ("Rule 2004 provides that the Court 'may' order
disclosure thereunder, giving the Court significant discretion.").

Motion should be denied to prevent Plaintiffs from conducting an examination under Rule 2004

for the purpose of benefiting the stayed Action, and if discovery is in fact necessary, relief should

be sought from the Plan injunction to pursue the information through the discovery process

governed by the Federal Rules of Civil Procedure in the Action before the West Virginia Court.

## **NOTICE**

28.     Notice of this Reply will be given in accordance with the Confirmation

Order and the Omnibus Objection Procedures Order.  The Debtors submit that, under the

circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (a) enter the

proposed order annexed to the Objection disallowing and expunging the Claims, (b) deny the

Rule 2004 Motion, (c) refer the Action to the District Court for the Southern District of New

York to determine the venue in which the Action should proceed in the event that this Court

determines that it does not have jurisdiction to decide the Objection under 28 U.S.C. § 157(b), or

if the Court denies the Objection; and (d) grant such other and further relief as may be just or

proper.

Dated: New York, New York
        July 14, 2015

<div style="margin-left:40%">

WILLKIE FARR & GALLAGHER LLP

By:  /s/ Matthew A. Feldman
     Matthew A. Feldman
     Rachel C. Strickland
     Jennifer J. Hardy
     787 Seventh Avenue
     New York, New York 10019
     Telephone: (212) 728-8000
     Facsimile: (212) 728-8111


                 -and-


     BOWLES RICE LLP
     Phyllis M. Potterfield (*pro hac vice* motion
     pending)
     600 Quarrier Street
     Charleston, West Virginia 25301
     Telephone:  (304) 347-1100
     Facsimile:  (304) 343-2867

     *Co-Counsel for the Reorganized Debtors*

</div>

-16-

**<u>EXHIBIT A</u>**

**Summary Timeline of West Virginia Action**

| Document or Event | Date | Document Location in Record |
|---|---|---|
| Brian Tucker employed by General Electric Company (Momentive's predecessor) or Momentive, as applicable | 1977-2011 | N/A |
| Plaintiffs file Complaint against Momentive in West Virginia state court | January 31, 2013 | N/A |
| Momentive removes the Action to the West Virginia Court | March 6, 2013 | N/A |
| Momentive files Motion to Dismiss | April 15, 2013 | N/A |
| Plaintiffs file Motion to Amend | June 6, 2013 | N/A |
| West Virginia Court enters Amendment Order, granting Plaintiffs' Motion to Amend and denying Motion to Dismiss as moot | November 18, 2013 | Exhibit A to Plaintiffs' Response; Exhibit B to this Reply |
| Plaintiffs file First Amended Complaint | November 18, 2013 | Attached to the Claims, which were included as Exhibits A and B to Exhibit 1 to the Objection |
| Momentive files FAC Answer | December 2, 2013 | Exhibit C to this Reply |
| Plaintiffs serve Plaintiffs' Supplemental Responses to Defendant's First Set of Interrogatories | January 15, 2014 | Exhibit D to Exhibit 1 to the Objection |
| HHS Report released | February 18, 2014 | Exhibit C to Plaintiffs' Response |
| Momentive commences these chapter 11 cases | April 13, 2014 | N/A |
| Momentive files suggestion of bankruptcy with the West Virginia Court | April 15, 2014 | N/A |
| West Virginia Court enters an order staying the Action with respect to Momentive | July 3, 2014 | N/A |
| Plaintiffs file Claims against Momentive in this Court | July 16, 2014 | Exhibits A and B to Exhibit 1 to the Objection |
| Plaintiffs file Second Amended Complaint | July 29, 2014 | Exhibit C to Exhibit 1 to the Objection |
| Plaintiffs file motion to amend the Second Amended Complaint | May 6, 2015 | N/A |

## <u>EXHIBIT B</u>

**Amendment Order**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BRIAN TUCKER, et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO.   2:13-cv-04480

MOMENTIVE PERFORMANCE
MATERIALS USA INC., et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Momentive Performance Materials USA Inc.'s ("Momentive") motion to dismiss the complaint, Plaintiffs Brian Tucker and Sherri Tucker's motion for leave to amend their complaint, and two motions for a modification of the Court's previously entered scheduling order, one filed by Momentive and the other filed by the parties jointly.  For the following reasons, the Court **GRANTS** Plaintiffs' motion to amend [ECF 15], **DENIES AS MOOT** Momentive's motion to dismiss [ECF 6], and **GRANTS** both motions for a modification of the Court's scheduling order [ECF 31 and 34].

*I.*     *FACTUAL AND PROCEDURAL HISTORY*

This action arises from injuries allegedly sustained by Plaintiff Brian Tucker as a result of his exposure to toxic chemicals while employed by Momentive from 1977 to 2011.[1]  On February 5, 2013, Mr. Tucker and his wife, Sherri Tucker, brought suit against Momentive and 99 unnamed John Doe entities in the Circuit Court of Kanawha County, alleging product liability, failure to

---

[1] According to the allegations in the complaint, Momentive was formerly known as Union Carbide Corporation.

warn, negligence, fraudulent and negligent misrepresentation, fraudulent concealment, and loss of consortium claims.[2]  Momentive removed the action to this Court on March 6, 2013 on the basis of diversity jurisdiction and moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 15, 2013.

Momentive's motion to dismiss is premised on Plaintiffs' failure to plead the essential elements of a deliberate intent claim under West Virginia Code § 23-4-2.   As Mr. Tucker was an employee of Momentive's when his injuries purportedly occurred, Momentive asserts that it is immune from suit unless Mr. Tucker alleges that it acted with deliberate intent to cause his injuries.  Plaintiffs responded that their original complaint contained allegations of deliberate intent sufficient to survive a motion to dismiss, but moved for leave to amend the complaint to explicitly set forth the elements of a deliberate intent cause of action.   Their proposed amended complaint includes additional counts for deliberate intent and for failure to instruct.

Momentive does not contest the adequacy of the amended complaint; instead, it argues that the Court should deny leave to amend since the statute of limitations on Plaintiffs' deliberate intent claim has run and, according to Momentive, this claim does not relate back to the date the original complaint was filed.   Because Momentive's motion to dismiss is moot if the Court grants leave to amend, the Court focuses its attention first on Plaintiffs' motion.

## II.    LEGAL STANDARD

Except in limited circumstances not applicable here, a party may amend a pleading "only with the opposing party's written consent or the court's leave."   Fed. R. Civ. P. 15(a)(2).   "The court should freely give leave when justice so requires."   *Id.*   The decision to grant leave to amend a pleading is within the sound discretion of the district court, but that discretion is limited

---

[2] Plaintiff Sherri Tucker joins in the complaint only on the loss of consortium claim.

by the general policy of favoring the resolution of cases on the merits.  *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)).

### III.  DISCUSSION

Momentive claims that it will be deprived of an otherwise valid statute of limitations defense if the Court grants Plaintiffs leave to amend their complaint.  Plaintiffs' original complaint alleges that Mr. Tucker discovered his injuries in February 2011; therefore, the two-year statute of limitations on claims arising from these injuries tolled at the end of February 2013.  Plaintiffs did not move to amend their complaint to include formal allegations of deliberate intent until June 6, 2013.  As the statute of limitations has run, this claim may proceed only if it relates back to the original complaint.  Predictably, Momentive argues that it does not.

Under Federal Rule of Civil Procedure 15(c)(2), an amended complaint relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  This rule is "based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) (quoting *Brown v. Chaner*, 172 F.3d 927, 932 (6th Cir. 1997)).  Thus, even an amendment that proposes an entirely different theory of recovery will

3

relate back so long as the new legal theory arises out of the same core facts as the original pleading.
*See Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996); *Fed. Deposit Ins. Corp.*
*v. Bennett*, 898 F.2d 477, 479-480 (5th Cir. 1990).   The question for the court's resolution in this
instance is "whether the party asserting the statute of limitations defense had been placed on notice
that he could be called to answer for the allegations in the amended pleading."   *Bledsoe*, 501 F.3d
at 516 (citing *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 573 (7th Cir. 2006)).

Despite Momentive's arguments to the contrary, Plaintiffs' amended complaint relates
back to their original pleading.   The theories of liability differ between the two pleadings, but they
share an identical nucleus of facts.   The amended complaint, like the original, arises out of Mr.
Tucker's exposure to hazardous chemicals at Momentive's worksite between the years of 1977
and 2011.   The additional factual allegations contained in the amended complaint are obviously
designed to track the West Virginia statute setting forth the elements of a deliberate intent cause of
action.[3]   They do not, as Momentive claims, invoke reference to any conduct, transaction, or
occurrence other than that already set forth by the original complaint.   Particularly given the
liberal amendment standard established by Federal Rule of Civil Procedure 15, any variances
between the factual allegations in these pleadings do not suffice to prevent relation back.

The Court's conclusion is bolstered by the fact that Plaintiffs' original complaint placed
Momentive on notice of the deliberate intent claim.   *See Santamarina*, 466 F.3d at 573 ("The
criterion of relation back is whether the original complaint gave the defendant enough notice of the
nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification

---

[3] For example, the amended complaint alleges that Momentive acted with a "deliberately formed
intention" to injure and that the unsafe working conditions at its Tyler County, West Virginia plant
violated Occupational Safety and Health Administration regulations. (*See* ECF 15 at ¶¶ 18-25.)

of the allegations of the original complaint in the amended one." (citing *Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581 (1945)). Momentive essentially admits as much in its motion to dismiss, wherein it argues that given the facts alleged in the original complaint, a deliberate intent claim presents Mr. Tucker's sole avenue of recovery. Momentive's claim that it will be prejudiced by the amendment is therefore unpersuasive. For these reasons, the Court **FINDS** that Mr. Tucker's deliberate intent claim, though arguably asserted for the first time in his amended pleading and after the statute of limitations had tolled, relates back to his original pleading.

*IV.     CONCLUSION*

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion to amend their complaint [ECF 15]. As the deficiencies that Momentive identified in the original complaint have been resolved by the amended pleading, the Court **DENIES AS MOOT** its motion to dismiss [ECF 6]. The Court **GRANTS** the motions to set aside the Court's scheduling order [ECF 31 and 34], and will set new deadlines by separate order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        November 18, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

5

**<u>EXHIBIT C</u>**

**FAC Answer**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | |
|---|---|
| BRIAN TUCKER, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 2:13-cv-04480 |
| | (Thomas E. Johnston, Judge) |
| MOMENTIVE PERFORMANCE | |
| MATERIALS USA INC., et al., | |
| Defendants. | |

**ANSWER ON BEHALF OF**
**MOMENTIVE PERFORMANCE MATERIALS USA INC.**
**TO FIRST AMENDED COMPLAINT**

In response to the allegations contained in Plaintiffs' First Amended Complaint ("Complaint"), Momentive Performance Materials USA Inc. ("Momentive") answers as follows:

1.     Momentive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2.     Momentive admits that Plaintiff Brian Tucker was employed at the facility described in paragraph 2 of Plaintiffs' Complaint from 2003 until 2011 by either Momentive or by GE Advanced Materials/GE Silicones, denies that Momentive was formerly known as Union Carbide Corporation, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint and, therefore, denies the same.

3.     Momentive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

4.    Momentive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same.

5.    Momentive is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

6.    Momentive denies the allegations contained in paragraph 6 of Plaintiffs' Complaint, as stated, as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same.

7.    Momentive is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same.

8.    Momentive denies the allegations contained in paragraph 8 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same.

9.    Momentive denies the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.    Momentive denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.    Momentive denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.    Momentive denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Momentive denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Momentive denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Momentive denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Momentive denies the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Momentive denies the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

19.     Momentive denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Momentive denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Momentive denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Momentive denies the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     Momentive denies the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     Momentive denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Momentive denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

27.     Momentive denies the allegations contained in paragraph 27 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiffs' Complaint and, therefore, denies the same.

28.     Momentive denies the allegations contained in paragraph 28 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same.

29.     Momentive denies the allegations contained in paragraph 29 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint and, therefore, denies the same.

30.     Momentive denies the allegations contained in paragraph 30 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint and, therefore, denies the same.

31.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

32.     Momentive denies the allegations contained in paragraph 32 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint and, therefore, denies the same.

33.    Momentive denies the allegations contained in paragraph 33 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint and, therefore, denies the same.

34.    Momentive denies the allegations contained in paragraph 34 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint and, therefore, denies the same.

35.    Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

36.    Momentive denies the allegations contained in paragraph 36 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint and, therefore, denies the same.

37.    Momentive denies the allegations contained in paragraph 37 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint and, therefore, denies the same.

38.    Momentive denies the allegations contained in paragraph 38 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint and, therefore, denies the same.

39.    Momentive denies the allegations contained in paragraph 39 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiffs' Complaint and, therefore, denies the same.

40.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

41.     Momentive denies the allegations contained in paragraph 41 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint and, therefore, denies the same.

42.     Momentive denies the allegations contained in paragraph 42 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of Plaintiffs' Complaint and, therefore, denies the same.

43.     Momentive denies the allegations contained in paragraph 43 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of Plaintiffs' Complaint and, therefore, denies the same.

44.     Momentive denies the allegations contained in paragraph 44 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of Plaintiffs' Complaint and, therefore, denies the same.

45.     Momentive denies the allegations contained in paragraph 45 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of Plaintiffs' Complaint and, therefore, denies the same.

46.     Momentive denies the allegations contained in paragraph 46 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of Plaintiffs' Complaint and, therefore, denies the same.

47.     Momentive denies the allegations contained in paragraph 47 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of Plaintiffs' Complaint and, therefore, denies the same.

48.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

49.     Momentive denies the allegations contained in paragraph 49 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of Plaintiffs' Complaint and, therefore, denies the same.

50.     Momentive denies the allegations contained in paragraph 50 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of Plaintiffs' Complaint and, therefore, denies the same.

51.     Momentive denies the allegations contained in paragraph 51 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of Plaintiffs' Complaint and, therefore, denies the same.

52.     Momentive denies the allegations contained in paragraph 52 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of Plaintiffs' Complaint and, therefore, denies the same.

53.     Momentive denies the allegations contained in paragraph 53 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of Plaintiffs' Complaint and, therefore, denies the same.

54.     Momentive denies the allegations contained in paragraph 54 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of Plaintiffs' Complaint and, therefore, denies the same.

55.     Momentive denies the allegations contained in paragraph 55 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of Plaintiffs' Complaint and, therefore, denies the same.

56.     Momentive denies the allegations contained in paragraph 47 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of Plaintiffs' Complaint and, therefore, denies the same.

57.     Momentive denies the allegations contained in paragraph 57 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of Plaintiffs' Complaint and, therefore, denies the same.

58.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

59.     Momentive denies the allegations contained in paragraph 59 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of Plaintiffs' Complaint and, therefore, denies the same.

60.     Momentive denies the allegations contained in paragraph 60 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of Plaintiffs' Complaint and, therefore, denies the same.

61.     Momentive denies the allegations contained in paragraph 61 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of Plaintiffs' Complaint and, therefore, denies the same.

62.     Momentive denies the allegations contained in paragraph 62 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of Plaintiffs' Complaint and, therefore, denies the same.

63.     Momentive denies the allegations contained in paragraph 63 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of Plaintiffs' Complaint and, therefore, denies the same.

64.     Momentive denies the allegations contained in paragraph 64 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of Plaintiffs' Complaint and, therefore, denies the same.

65.     Momentive denies the allegations contained in paragraph 65 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of Plaintiffs' Complaint and, therefore, denies the same.

66.     Momentive denies the allegations contained in paragraph 66 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 of Plaintiffs' Complaint and, therefore, denies the same.

67.     Momentive denies the allegations contained in paragraph 67 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of Plaintiffs' Complaint and, therefore, denies the same.

9

68.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

69.     Momentive denies the allegations contained in paragraph 69 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of Plaintiffs' Complaint and, therefore, denies the same.

70.     Momentive denies the allegations contained in paragraph 70 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of Plaintiffs' Complaint and, therefore, denies the same.

71.     Momentive denies the allegations contained in paragraph 71 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of Plaintiffs' Complaint and, therefore, denies the same.

72.     Momentive denies the allegations contained in paragraph 72 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 of Plaintiffs' Complaint and, therefore, denies the same.

73.     Momentive denies the allegations contained in paragraph 73 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73 of Plaintiffs' Complaint and, therefore, denies the same.

74.     Momentive denies the allegations contained in paragraph 74 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74 of Plaintiffs' Complaint and, therefore, denies the same.

75.     Momentive denies the allegations contained in paragraph 75 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75 of Plaintiffs' Complaint and, therefore, denies the same.

76.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

77.     Momentive denies the allegations contained in paragraph 77 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of Plaintiffs' Complaint and, therefore, denies the same.

78.     Momentive denies the allegations contained in paragraph 78 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of Plaintiffs' Complaint and, therefore, denies the same.

79.     Momentive denies the allegations contained in paragraph 79 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79 of Plaintiffs' Complaint and, therefore, denies the same.

80.     Momentive denies the allegations contained in paragraph 80 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of Plaintiffs' Complaint and, therefore, denies the same.

81.     Momentive incorporates, by reference, its answers to all preceding paragraphs of Plaintiffs' Complaint, as if fully set forth herein.

82.     Momentive denies the allegations contained in paragraph 82 of Plaintiffs' Complaint as they relate to it, but is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in paragraph 82 of Plaintiffs' Complaint and, therefore, denies the same.

And, further answering, Momentive denies all unnumbered WHEREFORE paragraphs in Plaintiffs' Complaint and asserts that it is not liable for any form of damages, whether equitable, injunctive, monetary, punitive or any other form, to the Plaintiffs.

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Momentive upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' Complaint is premature and not ripe for adjudication in that Plaintiffs have not exhausted all cognizable legal and administrative remedies.

### THIRD DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the statute of limitations and/or the statute of repose.

### FOURTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of laches.

### FIFTH DEFENSE

Plaintiffs, by their acts or omissions, have waived the claims alleged in Plaintiffs' Complaint.

### SIXTH DEFENSE

Plaintiffs, by their acts or omissions, are estopped from asserting the claims alleged in Plaintiffs' Complaint.

12

### SEVENTH DEFENSE

The damages, if any, alleged herein by Plaintiffs are attributable to a pre-existing injury or illness, subsequent injury or illness or natural causes for which Momentive is not responsible.

### EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure of Plaintiffs to take reasonable steps to mitigate damages.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the voluntary assumption of risk.

### TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their negligence or comparative negligence.

### ELEVENTH DEFENSE

Plaintiffs' injuries, if any, were proximately caused by an unforeseeable, intervening and/or superseding event beyond the control and unrelated to any conduct of Momentive.

### TWELFTH DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, based on the Plaintiffs' failure to join indispensable parties.

### THIRTEENTH DEFENSE

Momentive cannot be liable in that any act or omission of any agent, servant or employee of Momentive was not authorized by Momentive and was outside the scope of authority of any such agent, employee or servant.

13

### FOURTEENTH DEFENSE

Plaintiffs' injuries, if any, were not proximately caused by the actions of Momentive but by the intervening negligence or actions of other entities or persons, including, but not limited to, the actions and negligence of a fellow servant, borrowed servant or servants selected employed and directed by some other entity or persons.

### FIFTEENTH DEFENSE

All activities of Momentive alleged in Plaintiffs' Complaint, if any, conformed to statutes, governmental regulations and industry standards based upon the state of knowledge existing at the times alleged in Plaintiffs' Complaint.

### SIXTEENTH DEFENSE

The use and/or manufacture of the products and chemicals alleged in Plaintiffs' Complaint and all other acts of Momentive concerning these products and chemicals, if any, were licensed and permitted by the United States and the state of West Virginia.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption under applicable law and regulations.

### EIGHTEENTH DEFENSE

Plaintiffs are barred from maintaining this action by virtue of the provisions of the West Virginia Workers' Compensation Act.

### NINETEENTH DEFENSE

Momentive cannot be liable in that it did not, at any time relevant herein, have knowledge of an alleged high degree of risk of physical harm to Plaintiffs.

### TWENTIETH DEFENSE

Momentive is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any Plaintiffs' alleged damages.

**TWENTY-FIRST DEFENSE**

Any claim by Plaintiffs for punitive damages violates Momentive's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments of the United States Constitution, the same or similar guarantees under the West Virginia State Constitution, and W.Va. Code §23-4-2(d)(2)(iii)(A).

**RESERVATION AND NON-WAIVER**

Momentive reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Defendant, Momentive Performance Materials USA Inc., prays that Plaintiffs have and recover nothing of it, that it be dismissed from this action with prejudice to the Plaintiffs, that it have and recover its costs (including attorneys' fees) herein expended, and that it have such other and further relief as justice may require.

Respectfully submitted,

MOMENTIVE PERFORMANCE
MATERIALS USA INC.

By Counsel

/s/ Charles M. Love, III
Charles M. Love, III *(WVSB# 2254)*
Fazal A. Shere *(WVSB# 5433)*
Phyllis M. Potterfield *(WVSB# 2954)*
Roger G. Hanshaw *(WVSB# 11968)*
Bowles Rice LLP
Post Office Box 1386
Charleston, West Virginia  25325-1306
Telephone: (304) 347-1100
Fax: (304) 347-1496

5713423

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

BRIAN TUCKER, et al.,

                Plaintiffs,

v.

MOMENTIVE PERFORMANCE
MATERIALS USA INC., et al.,

                Defendants.

Civil Action No. 2:13-cv-04480
(Thomas E. Johnston, Judge)

## CERTIFICATE OF SERVICE

I, Charles M. Love, III, counsel for Momentive Performance Materials USA Inc., do hereby certify that service of the foregoing **Answer on Behalf of Momentive Performance Materials USA Inc. to First Amended Complaint** has been made upon counsel of record by placing true copies thereof in the regular course of the United States, postage pre-paid, addressed as follows on this 02 day of December, 2013:

Timothy N. Barber, Esquire
Post Office Box 11746
Charleston, West Virginia 25339
*Counsel for Brian Tucker and Sherri Tucker*

/s/ Charles M. Love, III
Charles M. Love, III *(WVSB#2254)*

5713423.1