Matthew A. Feldman
Rachel C. Strickland
Jennifer J. Hardy
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MPM Silicones, LLC, <u>et al.</u>,[1] | : | Case No. 14-22503 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x

### NOTICE OF REORGANIZED DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS ((I) ODYSSEY-RELATED CLAIMS; (II) NO LIABILITY CLAIMS; AND (III) REDUCING AND ALLOWING OVERSTATED CLAIMS)

   **PLEASE TAKE NOTICE** that a hearing (the "**Hearing**") will be held before the

Honorable Robert D. Drain of the United States Bankruptcy Court for the Southern District of

New York on August 19, 2015 at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as

counsel may be heard, at the United States Bankruptcy Court for the Southern District of New

York, located at 300 Quarropas Street, White Plains, New York 10601, in Courtroom 118, to

consider the omnibus objection (the "**Objection**") of the above-captioned reorganized debtors

(collectively, the "**Debtors**") to certain proofs of claim (a) that relate to amounts previously paid

---

[1]  The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481).  The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

by the Debtors through Odyssey Logistics & Technology Corporation, the Debtors' fourth-party logistics administrator, and/or payments for which the Debtors are not liable, (b) for which the Debtors are not liable and (c) that are overstated and must be reduced and allowed to conform to the Debtors' books and records.

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Objection must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon: (a) Momentive Performance Materials Inc., 260 Hudson River Road, Waterford, NY 12188 (Attn: Stephen Psutka, Esq.); (b) counsel for the Debtors, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Matthew A. Feldman, Esq. and Jennifer J. Hardy, Esq.); (c) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Brian S. Matsumoto, Esq. and Richard W. Fox, Esq.); (d) counsel to the Ad Hoc Committee of Second Lien Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (Attn: Dennis F. Dunne, Esq. and Samuel A. Khalil, Esq.); and (e) counsel to Apollo Global Management, LLC and certain affiliated funds, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036 (Attn: Ira S. Dizengoff, Esq. and Philip C. Dublin, Esq.), so as to be received no later than **4:00 p.m. (prevailing Eastern time) on August 12, 2015** (the "**Response Deadline**").

PLEASE TAKE FURTHER NOTICE that if no responses or objections are received by the Response Deadline, the relief may be granted as requested in the Objection without further notice or a hearing.

PLEASE TAKE FURTHER NOTICE that you need not appear at the Hearing if you do not object to the relief requested in the Objection.

- 2 -

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or

adjourned from time to time without further notice other than filing a notice of adjournment with

the Court or an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: New York, New York
   July 20, 2015

        WILLKIE FARR & GALLAGHER LLP
        *Counsel for the Reorganized Debtors*

       By:  /s/ Matthew A. Feldman    
         Matthew A. Feldman
         Rachel C. Strickland
         Jennifer J. Hardy

         787 Seventh Avenue
         New York, New York 10019
         Telephone: (212) 728-8000
         Facsimile: (212) 728-8111

Matthew A. Feldman
Rachel C. Strickland
Jennifer J. Hardy
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for the Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| MPM Silicones, LLC, et al.,[1] | : | Case No. 14-22503 (RDD) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x

## REORGANIZED DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS ((I) ODYSSEY-RELATED CLAIMS; (II) NO LIABILITY CLAIMS; AND (III) REDUCING AND ALLOWING OVERSTATED CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE AND/OR REDUCE CERTAIN FILED PROOFS OF CLAIM OR SCHEDULED CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS LISTED ON EXHIBITS A, B AND/OR C ATTACHED TO THE PROPOSED ORDER.**

The reorganized debtors in the above-captioned cases (collectively, the

"**Debtors**") submit this nineteenth omnibus objection (the "**Objection**") seeking entry of an

order (the "**Proposed Order**"), pursuant to section 502(b) of title 11 of the United States Code

(the "**Bankruptcy Code**"), as supplemented by Rules 3003 and 3007 of the Federal Rules of

---

[1]     The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481). The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

Bankruptcy Procedure (the "**Bankruptcy Rules**"), substantially in the form annexed hereto as Exhibit 2, disallowing and expunging or reducing the claims identified on Exhibits A, B and C to the Proposed Order and granting such other and further relief as the Court may deem just or proper.  In support of the Objection, the Debtors rely upon and incorporate by reference the *Declaration of Cecilia Boucher in Support of Reorganized Debtors' Nineteenth Omnibus Objection to Claims ((I) Odyssey-Related Claims; (II) No Liability Claims; and (III) Reducing and Allowing Overstated Claims)*, annexed hereto as Exhibit 1 (the "**Boucher Declaration**").  In further support of the Objection, the Debtors respectfully state as follows:

## JURISDICTION

1.        This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, Article XIII of the Plan and paragraph 73 of the Confirmation Order (each as defined below).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.        The statutory predicate for the relief sought herein is section 502(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 3003 and 3007.

## BACKGROUND

A.        **General Background**

3.        On April 13, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only.

4.        By order dated September 11, 2014 [Docket No. 1001] (the "**Confirmation Order**"), the Court confirmed the Joint Chapter 11 Plan of Reorganization for Momentive Performance Materials Inc. and Its Affiliated Debtors (the "**Plan**").  The Plan became effective on October 24, 2014.

- 2 -

**B.**     **Schedules, Bar Dates, and Proofs of Claim**

5.       On June 4, 2014, each of the Debtors filed its Schedules of Assets and Liabilities (the "**Schedules**").

6.       By order dated June 6, 2014 [Docket No. 329] (the "**Bar Date Order**"), the Court established:  (a) July 17, 2014 as the deadline by which proofs of claim were required to be filed in these chapter 11 cases by holders of prepetition claims other than governmental units (the "**General Bar Date**"); and (b) October 10, 2014 as the deadline by which proofs of claim were required to be filed in these chapter 11 cases by governmental units asserting prepetition claims (the "**Governmental Unit Bar Date**" and, together with the General Bar Date, the "**Bar Dates**").  In accordance with the Bar Date Order, on or before June 12, 2014, a proof of claim form and a notice regarding the Bar Dates (the "**Bar Date Notice**") were mailed to all known entities holding potential prepetition claims against the Debtors.  See Affidavit of Service [Docket No. 455].  In accordance with the Bar Date Order, on June 16, 2014, the Bar Date Notice was published in *The New York Times*.  See Certificate of Publication [Docket No. 480].

7.       As of the date hereof, approximately 1,469 proofs of claim have been filed in the Debtors' chapter 11 cases.

8.       On October 20, 2014, the Court entered an order authorizing the Debtors to file omnibus claims objections in accordance with the procedures specified therein [Docket No. 1143] (the "**Omnibus Objection Procedures Order**").

9.       Pursuant to Section 9.1 of the Plan and the *Order Extending Claims Objection Deadline* [Docket No. 1413], unless further extended by the Court, the Debtors have until August 20, 2015 to file objections to claims.

C.    **Odyssey Logistics & Technology Corporation**

10.    Prior to the Petition Date, the Debtors entered into that certain Logistics

Services Agreement (the "**Odyssey Agreement**"), dated as of October 1, 2009, with Odyssey

Logistics & Technology Corporation ("**Odyssey**"), a fourth-party logistics administrator.  The

Debtors entered into the Odyssey Agreement in order to streamline certain administrative and

logistical matters involving the Debtors' business relationships with various common carriers

and other service providers (collectively, the "**Service Providers**").  The Debtors' relationship

with Odyssey governs the vast majority of the Debtors' transportation and logistics activities.

11.    In its role as an intermediary, Odyssey administers all payments for carrier

and freight forwarding expenses that are subject to the Odyssey Agreement.  Odyssey also

receives all invoices directly from the Service Providers, reviews the invoices, confirms their

accuracy and pays the Service Providers on behalf of the Debtors following the Debtors'

remittance of payment to Odyssey.  Odyssey also maintains statistical records of each

transaction.  Pursuant to the Odyssey Agreement, the Debtors are obligated to, among other

things, fund Odyssey for all transportation charges of the Debtors prior to the remittance by

Odyssey of payment to the Service Providers on behalf of the Debtors and to pay Odyssey a

management fee based upon the services it provides.

12.    On the Petition Date, the Debtors filed with the Court a motion requesting

authority to pay, in their discretion, any prepetition claims held by the Debtors' common carriers,

warehouse providers, freight forwarders, toll processors and mechanics as well as Odyssey

[Docket No. 9] (the "**Service Providers Motion**").  On April 15, 2014 and May 19, 2014, the

Court entered orders granting interim and final approval of the Service Providers Motion,

respectively [Docket Nos. 32 and 226] (the "**Service Providers Order**").

13. The Debtors also included certain amounts which were due and owing to Odyssey on their Schedules. In addition, Odyssey filed proofs of claim against the Debtors, which were assigned claim numbers 1207, 1208 and 1209 by the Debtors' court-approved claims agent.

14. Pursuant to a joint stipulation and order between the Debtors and Odyssey (the "**Odyssey Stipulation**"), which was entered by the Court on October 6, 2014 [Doc. No. 1117], the Debtors agreed to pay Odyssey a cure amount of $2,869,205.26 (the "**Odyssey Cure Amount**") to resolve all prepetition invoices from the Service Providers which Odyssey had received and processed. The Debtors and Odyssey agreed that additional invoices might be received or identified by Odyssey after the date of the Odyssey Stipulation, and that, following the Debtors' and Odyssey's review of such invoices, Odyssey would pay the Service Providers on behalf of the Debtors in connection with the additional invoices. See Odyssey Stipulation at ¶ 3. The Debtors and Odyssey also agreed that the Odyssey Stipulation would "fully and finally resolve[] any and all claims … arising prior to the Petition Date" held by Odyssey arising out of the Odyssey Agreement. Id. at ¶ 7.

**D.    Odyssey-Related Claims**

15. Separate and apart from the proofs of claim filed by Odyssey, which were resolved by the Odyssey Stipulation, certain Service Providers also filed proofs of claim against the Debtors which related to invoices for carrier and freight forwarding expenses covered by the Odyssey Agreement (the "**Odyssey-Related Claims**"). Pursuant to the Odyssey Agreement, Odyssey and/or the Debtors have already paid the valid outstanding invoices submitted by the Service Providers which form the basis for the Odyssey-Related Claims, however, Odyssey has also rejected certain of these invoices as improper (and thus, has not paid these disputed invoices), as further described in the Boucher Declaration.

### RELIEF REQUESTED

16.     During their ongoing review of the claims filed and scheduled in these cases, the Debtors have determined that certain claims should be disallowed and expunged or reduced and allowed.  Among others, the Debtors have identified (i) the Odyssey-Related Claims, which relate to amounts (x) previously paid by the Debtors through Odyssey, the Debtors' fourth-party logistics administrator, and/or (y) payments for which the Debtors are not liable, (ii) a proof of claim and a scheduled claim for which the Debtors' books and records reflect they have no liability (the "**No Liability Claims**"), and (iii) a claim that is overstated and must be reduced and allowed to conform to the Debtors' books and records (the "**Excessive Amount Claim**" and, along with the Odyssey-Related Claims and the No Liability Claims, the "**Claims**").  In accordance with the Omnibus Objection Procedures Order, the Debtors request entry of the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 3003 and 3007, disallowing and expunging or reducing and allowing the Claims, as appropriate.

### BASIS FOR RELIEF

17.     Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto.  See 11 U.S.C. § 502(a).  Bankruptcy Rule 3007(a) provides that an objection must be in writing and that the claimant must be provided with not less than 30 days notice of the hearing to be held in respect of such objection.  See Fed. R. Bankr. P. 3007(a).  Bankruptcy Rule 3007(d) provides that an objection to more than one proof of claim may be joined in an omnibus objection if, inter alia, the grounds for the objection are that the proofs of claim duplicate other claims, the proofs of claim were filed in the wrong case, the proofs of claim were amended or superseded by subsequently filed proofs of claim, the proofs of claim were not timely filed, or that the proofs of claim assert interests rather

than claims.  See Fed. R. Bankr. P. 3007(d).  Further, Bankruptcy Rule 3007(e) provides that an

omnibus objection shall: (a) state in a conspicuous place that claimants receiving the objection

should locate their names and claims in the objection; (b) list claimants alphabetically and by

category of claims, providing a cross-reference to claim numbers; (c) clearly articulate the

grounds for the objection; and (d) identify the objector by name and the grounds for the objection

in the title.  See Fed. R. Bankr. P. 3007(e)(1)-(4).

        18.     In addition to the grounds provided for in Bankruptcy Rule 3007, the

Omnibus Objection Procedures Order provides that the Debtors may object to claims on the

grounds that:  (a) the amount claimed is not reflected in, or is an amount different than that

contained in, the Debtors' books and records; (b) the claim does not include sufficient

documentation to ascertain the validity of such claim; (c) the claim was incorrectly classified;

(d) the claim seeks recovery of amounts for which the Debtors are not liable; (e) the claim is

objectionable under section 502(e)(1) of the Bankruptcy Code; or (f) the claim is filed against the

wrong Debtor or entity.  See Omnibus Objection Procedures Order at ¶ 3(d).

        19.     Bankruptcy Rule 3003(b)(1) provides that "[t]he schedule of liabilities

filed pursuant to § 521(1) of the [Bankruptcy] Code shall constitute prima facie evidence of the

validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent,

or unliquidated."  Fed. R. Bankr. P. 3003(b)(1).  Section 1111(a) of the Bankruptcy Code

provides further that "[a] proof of claim or interest is deemed filed under section 501 of this title

for any claim or interest that appears in the schedules filed under section 521(a)(1) . . . ."  11

U.S.C. § 1111(a).  Bankruptcy Rule 3003(c)(4) provides that a proof of claim or interest filed in

accordance with Bankruptcy Rule 3003 shall supersede any scheduling of that claim or interest

pursuant to section 521(a)(1) of the Bankruptcy Code.

### A.    Odyssey-Related Claims

20.    Pursuant to the Odyssey Agreement, the Service Providers submit invoices to Odyssey which relate to transportation expenses in the ordinary course of business for which the Debtors are liable (the "**Service Provider Invoices**"), which invoices Odyssey reviews to confirm their accuracy and validity.  Upon receipt of payment from the Debtors, Odyssey pays the Service Providers directly on behalf of the Debtors, discharging the Debtors' liability to the Service Providers with respect to the Service Provider Invoices.  This ordinary review and payment process, which was put in place prior to the Petition Date, continued during the course of the chapter 11 cases.

21.    All of the Odyssey-Related Claims relate solely to the Service Provider Invoices.  Odyssey previously reviewed the Service Provider Invoices and paid the Service Providers, in full or in part if there was a dispute over certain Service Provider Invoices, based on funding which Odyssey received from the Debtors.  Therefore, the Service Providers have already received all of the payment for which they are entitled on account of the Service Provider Invoices that were reviewed and approved by Odyssey and the Debtors.

i.    Claim No. 1384 (Southern Refrigerated Transport)

22.    As set forth in the Boucher Declaration, all of the applicable Service Provider Invoices which are the subject of Claim No. 1384, filed by Southern Refrigerated Transport, were paid in full by the Debtors and/or Odyssey on behalf of the Debtors. Accordingly, Claim No. 1384 should be disallowed and expunged as the holder of such claim will receive an excessive and/or unwarranted recovery if the applicable Service Provider Invoices were paid a second time.

ii.    Claim No. 1425 (United Parcel Service, Inc.) ("UPS")

23.    As set forth in the Boucher Declaration, the Debtors (and/or Odyssey on behalf of the Debtors) have paid all of the Service Provider Invoices underlying Claim No. 1425 for which the Debtors are liable and accordingly, Claim No. 1425 should be disallowed and expunged.  Claim No. 1425 references a number of invoices, some of which have been paid in full, and some of which have been rejected by the Debtors and/or Odyssey as improper.

24.    As set forth herein and in the Boucher Declaration, twenty-five of the invoices referenced in Claim No. 1425 have been identified by the Debtors and/or Odyssey as improper.  Specifically, neither Odyssey's nor the Debtors' records include Invoice Nos. 903110504 or 965871281, which are referenced in Claim No. 1425.  Moreover, such invoices were not attached to Claim No. 1425.  With respect to Invoice No. 244108712, Odyssey reviewed and rejected such invoice because the applicable bill of lading indicated that the cost was to be borne by UPS, not the Debtors.  With respect to Invoice Nos. 859020094, 859020105, 771663292, 859020131, 771663303, 859020024, 859020035, 859020072, 859019965, 859019976 and 771663336, Odyssey reviewed and rejected such invoices because they were for same day delivery charges, in instances where the orders were placed by the Debtors as next day delivery (not same day delivery).  With respect to Invoice Nos. 206307975, 206307986, 893741321, 893742183, 893741660, 893741671, 890592102 and 890592231, such invoices were reviewed and rejected by Odyssey on the basis that such invoices needed to be consolidated with other invoices and re-invoiced.  With respect to Invoice Nos. 740831394, 859019851 and 833308055, such invoices were reviewed and rejected by Odyssey as having been billed at higher rates than were agreed to by the Debtors.  Finally, with respect to the other invoices underlying Claim No. 1425, either the Debtors or Odyssey (on behalf of the Debtors) have fully

- 9 -

paid such invoices.  Accordingly, since the Debtors have either paid each of the invoices

underlying Claim No. 1425 (either directly or through Odyssey) or do not have any liability in

respect of such invoices, Claim No. 1425 should be disallowed and expunged.

      **B.**      **No Liability Claims**

          i.      <u>Claim No. 916 (GATX Corporation)</u>

      25.      As set forth in the Boucher Declaration, Claim No. 916, filed by GATX

Corporation (as successor to GATX Rail Corporation) ("**GATX**"), consists of two parts: (a) a

claim for prepetition service charges in the amount of $2,920.00 (the "**Asserted Prepetition**

**Charges**") and (b) a prospective breach of contract damages claim in the amount of $90,800.00

(the "**Asserted Lease Damages**") for the Debtors' remaining obligations under a certain lease

between the Debtors and GATX (the "**GATX Lease**").  The Debtors satisfied the Asserted

Prepetition Charges in full through the payment of Scheduled Claim No. 91790775 to GATX in

the amount of $7,300.00 (the "**Scheduled Amount**").  With respect to the Asserted Lease

Damages, the Debtors assumed the GATX Lease pursuant to the applicable terms of the Plan,

have since renewed the GATX Lease and are currently performing under the renewed GATX

Lease.  Therefore, the portion of Claim No. 916 relating to the Asserted Lease Damages should

be expunged.  Accordingly, Claim No. 916 should be disallowed and expunged in its entirety.

          ii.      <u>Scheduled Claim No. 1973010 (Abogado Pte Ltd.)</u>

      26.      The Debtors have reviewed their books and records and determined that

they have no liability with respect to the claim identified in the column "Claim to be Expunged"

on <u>Exhibit B</u> annexed to the Proposed Order.  Specifically, with respect to Scheduled Claim No.

1973010, scheduled on account of Abogado Pte Ltd. ("**Abogado**"), the Debtors' books and

records reflect that a payment was made by the Debtors to Abogado prior to the Petition Date in

an amount equal to or greater than the Debtors' liability under Scheduled Claim No. 1973010,

- 10 -

and, accordingly, there is no outstanding liability in respect of Scheduled Claim No. 1973010.

Therefore, such claim should be disallowed and expunged.

**C.    Excessive Amount Claim: Scheduled Claim No. 1974654 (Stericycle, Inc.)**

27.    The Debtors have reviewed their books and records and determined that

the Excessive Amount Claim identified in the column "Claim to be Reduced" on Exhibit C

annexed to the Proposed Order was scheduled in an amount that exceeds the Debtors' current

liability in respect of such claim.  Accordingly, the Debtors object to the Excessive Amount

Claim listed on Exhibit C to the Proposed Order and request that the Excessive Amount Claim be

reduced to, and allowed in, the amounts set forth in the column labeled "Proposed Allowed

Amount" on Exhibit C.

**RESERVATION OF RIGHTS**

28.    This Objection is without prejudice to the rights of the Debtors to object to

the Claims on grounds other than those stated in this Objection, and is without prejudice to the

Debtors' rights to object, on any basis, to any other claims, held by the claimants whose Claims

the Debtors are seeking to disallow and expunge or reduce and allow hereby.

**NOTICE**

29.    Notice of this Objection will be given in accordance with the

Confirmation Order and the Omnibus Objection Procedures Order, including, without limitation,

customized notices to each of the claimants affected by this Objection who are more particularly

identified on Exhibits A, B and C annexed to the Proposed Order (or their counsel, if known).

The Debtors submit that, under the circumstances, no other or further notice is required.

30.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

- 11 -

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order, substantially in the form annexed hereto as <u>Exhibit 2</u>, disallowing and expunging or

reducing, as applicable, the Claims identified on <u>Exhibits A</u>, <u>B</u> and <u>C</u> annexed to the Proposed

Order, and granting such other and further relief as may be just or proper.

Dated: New York, New York
          July 20, 2015

                                   WILLKIE FARR & GALLAGHER LLP
                                   *Counsel for the Reorganized Debtors*


                         By:   /s/ Matthew A. Feldman
                                   Matthew A. Feldman
                                   Rachel C. Strickland
                                   Jennifer J. Hardy

                                   787 Seventh Avenue
                                   New York, New York 10019
                                   Telephone: (212) 728-8000
                                   Facsimile: (212) 728-8111

## **EXHIBIT 1**

**Boucher Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re                                              :        Chapter 11
                                                   :
MPM Silicones, LLC, <u>et al.</u>,[1]              :        Case No. 14-22503 (RDD)
                                                   :
                        Reorganized Debtors. :              (Jointly Administered)

-------------------------------------------------------x

### DECLARATION OF CECILIA BOUCHER IN SUPPORT OF REORGANIZED DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS ((I) ODYSSEY-RELATED CLAIMS; (II) NO LIABILITY CLAIMS; AND (III) REDUCING AND ALLOWING OVERSTATED CLAIMS)

I, Cecilia Boucher, under penalty of perjury, declare as follows:

1.      I am the Vice President of Procurement for Momentive Performance

Materials Inc. (together with the other reorganized Debtors, the "**Debtors**").  I submit this

declaration in connection with the nineteenth omnibus objection of the Debtors  (the

"**Objection**")[2], which seeks entry of an order disallowing and expunging or reducing, as

applicable, certain claims that (a) relate to amounts previously paid by the Debtors through

Odyssey Logistics & Technology Corporation, the Debtors' fourth-party logistics administrator,

and/or payments for which the Debtors are not liable, (b) for which the Debtors' books and

records reflect they have no liability and (c) is overstated and must be reduced and allowed to

conform to the Debtors' books and records.  All statements in this declaration are based upon my

personal knowledge, my review or review by the Debtors' personnel of business records kept by

---

[1]      The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481).  The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

[2]      Capitalized terms used but not defined herein shall have the meanings given to such terms in the Objection.

the Debtors in the ordinary course of business, discussions that I or the Debtors' personnel have

had with certain current and former employees of the Debtors, counsel and restructuring advisor

to the Debtors and/or my review of the official register of claims (the "**Claims Register**")

maintained by Kurtzman Carson Consultants LLC, the claims agent appointed in the Debtors'

cases, respecting the claims which are the subject of the Objection.

2.      The Debtors have reviewed the Odyssey-Related Claims, the No Liability

Claims, the Excessive Amount Claim, the Claims Register, and the Debtors' and Odyssey's

related books and records.  The Debtors seek to disallow and expunge or reduce the Claims, as

applicable, to ensure that the applicable claimants do not receive excessive and/or unwarranted

recoveries from the Debtors' estates.

### A.      Odyssey-Related Claims

3.      As set forth in the Objection, Odyssey plays an important role in the

Debtors' business relationships with the Service Providers.  Prior to the Petition Date, the

Debtors entered into the Odyssey Agreement in order to streamline certain administrative and

logistical matters involving the Debtors' business relationships with the Service Providers.  In its

role as intermediary, Odyssey, among other things, reviews the Service Provider Invoices,

confirms their accuracy and pays the Service Providers on behalf of the Debtors following the

Debtors' remittance of payment to Odyssey.

### iii.     Claim No. 1384 (Southern Refrigerated Transport)

4.      All of the applicable Service Provider Invoices which are the subject of

Claim No. 1384, filed by Southern Refrigerated Transport, were paid in full by the Debtors

and/or Odyssey on behalf of the Debtors.  Accordingly, Claim No. 1384 should be disallowed

and expunged as the holder of such claim will receive an excessive and/or unwarranted recovery

if the applicable Service Provider Invoices were paid a second time.

iv.    Claim No. 1425 (United Parcel Service, Inc.)

5.    The Debtors (and/or Odyssey on behalf of the Debtors) have paid all of

the Service Provider Invoices underlying Claim No. 1425 for which the Debtors are liable and

accordingly, Claim No. 1425 should be disallowed and expunged.  Claim No. 1425 references a

number of invoices, some of which have been paid in full, and some of which have been rejected

by the Debtors and/or Odyssey as improper.

6.    Twenty-five of the invoices referenced in Claim No. 1425 have been

identified by the Debtors and/or Odyssey as improper.  Specifically, neither Odyssey's nor the

Debtors' records include Invoice Nos. 903110504 or 965871281, which are referenced in Claim

No. 1425.  Moreover, such invoices were not attached to Claim No. 1425.  With respect to

Invoice No. 244108712, Odyssey reviewed and rejected such invoice because the applicable bill

of lading indicated that the cost was to be borne by UPS, not the Debtors.  With respect to

Invoice Nos. 859020094, 859020105, 771663292, 859020131, 771663303, 859020024,

859020035, 859020072, 859019965, 859019976 and 771663336, Odyssey reviewed and rejected

such invoices because they were for same day delivery charges, in instances where the orders

were placed by the Debtors as next day delivery (not same day delivery).  With respect to

Invoice Nos. 206307975, 206307986, 893741321, 893742183, 893741660, 893741671,

890592102 and 890592231, such invoices were reviewed and rejected by Odyssey on the basis

that such invoices needed to be consolidated with other invoices and re-invoiced.  With respect

to Invoice Nos. 740831394, 859019851 and 833308055, such invoices were reviewed and

rejected by Odyssey as having been billed at higher rates than were agreed to by the Debtors.

Finally, with respect to the other invoices underlying Claim No. 1425, either the Debtors or

Odyssey (on behalf of the Debtors) have fully paid such invoices.  Accordingly, since the

Debtors have either paid each of the invoices underlying Claim No. 1425 (either directly or through Odyssey) or do not have any liability in respect of such invoices, Claim No. 1425 should be disallowed and expunged.

**D.    No Liability Claims**

iii.    Claim No. 916 (GATX Corporation)

7.    Claim No. 916, filed by GATX Corporation (as successor to GATX Rail Corporation) ("**GATX**"), consists of two parts: (a) a claim for prepetition service charges in the amount of $2,920.00 (the "**Asserted Prepetition Charges**") and (b) a prospective breach of contract damages claim in the amount of $90,800.00 (the "**Asserted Lease Damages**") for the Debtors' remaining obligations under a certain lease between the Debtors and GATX (the "**GATX Lease**").  The Debtors satisfied the Asserted Prepetition Charges in full through the payment of Scheduled Claim No. 91790775 to GATX in the amount of $7,300.00 (the "**Scheduled Amount**").  With respect to the Asserted Lease Damages, the Debtors assumed the GATX Lease pursuant to the applicable terms of the Plan, have since renewed the GATX Lease and are currently performing under the renewed GATX Lease.  Therefore, the portion of Claim No. 916 relating to the Asserted Lease Damages should be expunged.   Accordingly, Claim No. 916 should be disallowed and expunged in its entirety.

iv.    Scheduled Claim No. 1973010 (Abogado Pte Ltd.)

8.    The Debtors have reviewed their books and records and determined that they have no liability with respect to the claim identified in the column "Claim to be Expunged" on Exhibit B annexed to the Proposed Order.  Specifically, with respect to Scheduled Claim No. 1973010, scheduled on account of Abogado Pte Ltd. ("**Abogado**"), the Debtors' books and records reflect that a payment was made by the Debtors to Abogado prior to the Petition Date in an amount equal to or greater than the Debtors' liability under Scheduled Claim No. 1973010,

-4-

and, accordingly, there is no outstanding liability in respect of Scheduled Claim No. 1973010.

Therefore, such claim should be disallowed and expunged.

  **E.**  **Excessive Amount Claim: Scheduled Claim No. 1974654 (Stericycle, Inc.)**

    9.  The Debtors have reviewed their books and records and determined that

the Excessive Amount Claim identified in the column "Claim to be Reduced" on <u>Exhibit C</u>

annexed to the Proposed Order was scheduled in an amount that exceeds the Debtors' current

liability in respect of such claim.  Accordingly, the Debtors object to the Excessive Amount

Claim listed on <u>Exhibit C</u> to the Proposed Order and request that the Excessive Amount Claim be

reduced to, and allowed in, the amounts set forth in the column labeled "Proposed Allowed

Amount" on <u>Exhibit C</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 20, 2015

/s/ Cecilia Boucher
Cecilia Boucher
Vice President of Procurement for
Momentive Performance Materials Inc.

# **EXHIBIT 2**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re                                                    :        Chapter 11
                                                         :
MPM Silicones, LLC, <u>et al.</u>,[1]                    :        Case No. 14-22503 (RDD)
                                                         :
                        Reorganized Debtors.  :          (Jointly Administered)

----------------------------------------------------------x

### ORDER GRANTING THE REORGANIZED DEBTORS' NINETEENTH OMNIBUS OBJECTION TO CLAIMS ((I) ODYSSEY-RELATED CLAIMS; (II) NO LIABILITY CLAIMS; AND (III) REDUCING AND ALLOWING OVERSTATED CLAIMS)

Upon the nineteenth omnibus objection (the "**Objection**") of the reorganized

debtors in the above-captioned cases (collectively, the "**Debtors**") seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), as

supplemented by Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), disallowing and expunging or reducing the claims, as the case may be,

listed on <u>Exhibits A</u>, <u>B</u> and <u>C</u> annexed hereto; and notice of the Objection having been provided

as set forth in the Objection, and it appearing that no other or further notice is required; and a

hearing on the Objection having been held before this Court (the "**Hearing**"); and the Court

having reviewed the Objection, and it appearing that the relief requested therein and granted

herein is in the best interests of the Debtors and their estates, creditors and other parties in

interest and warranted under section 502(b) of the Bankruptcy Code and applicable law; and

---

[1]    The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Juniper Bond Holdings I LLC (9631); (ii) Juniper Bond Holdings II LLC (9692); (iii) Juniper Bond Holdings III LLC (9765); (iv) Juniper Bond Holdings IV LLC (9836); (v) Momentive Performance Materials China SPV Inc. (8469); (vi) Momentive Performance Materials Holdings Inc. (8246); (vii) Momentive Performance Materials Inc. (8297); (viii) Momentive Performance Materials Quartz, Inc. (9929); (ix) Momentive Performance Materials South America Inc. (4895); (x) Momentive Performance Materials USA Inc. (8388); (xi) Momentive Performance Materials Worldwide Inc. (8357); and (xii) MPM Silicones, LLC (5481).  The Debtors' executive headquarters are located at 260 Hudson River Road, Waterford, NY 12188.

upon the full record of the Hearing and all prior proceedings in these cases; and after due

deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that:

1.    The Objection is granted to the extent set forth herein.

2.    Capitalized terms not otherwise defined herein have the meanings given to

such terms in the Objection.

3.    Each Odyssey-Related Claim identified on <u>Exhibit A</u> annexed hereto as a

"Claim to be Expunged" is hereby disallowed and expunged in its entirety.

4.    Each No Liability Claim identified on <u>Exhibit B</u> annexed hereto as a

"Claim to be Expunged" is hereby disallowed and expunged in its entirety.

5.    The Excessive Amount Claim identified on <u>Exhibit C</u> annexed hereto as a

"Claim to be Expunged" is hereby reduced and allowed in the amount set forth in the column

entitled "Proposed Allowed Amount."

6.    This Order is without prejudice to the rights of the Debtors to object to the

Claims on grounds other than those stated in the Objection, and is without prejudice to the

Debtors' rights to object, on any basis, to any other claims held by the claimants whose Claims

are disallowed and expunged or reduced hereby.

7.    This Order is deemed to be a separate order with respect to each Claim

addressed by this Order.

8.      This Court shall retain jurisdiction over the Debtors and the claimants

whose Claims are subject to the Objection with respect to any matters related to or arising from

the implementation of this Order.

Dated: _____, 2015
        White Plains, New York

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

**Odyssey-Related Claims**

Nineteenth Omnibus Objection - Exhibit A
Page(s) 4-10 of Objection
Odyssey-Related Claims

In re MPM Silicones, LLC
Case No. 14-22503

| Claimant Name | Claim to be Expunged | Debtor Against Which Claim Asserted | Date Filed | Secured Claim Amount | Admin Priority Claim Amount | Priority Claim Amount | Unsecured Claim Amount | Total |
|---|---|---|---|---|---|---|---|---|
| SOUTHERN REFRIGERATED TRANSPORT | 1384 | MPM Silicones, LLC<br><br>14-22503 | 07/28/14 | $0.00 | $0.00 | $0.00 | $41,657.34 | $41,657.34 |
| UNITED PARCEL SERVICE, INC. | 1425 | Momentive Performance Materials Inc.<br><br>14-22509 | 11/24/14 | $0.00 | $82,633.53 | $0.00 | $0.00 | $82,633.53 |

**<u>EXHIBIT B</u>**

**No Liability Claims**

Nineteenth Omnibus Objection - Exhibit B
Page(s) 10 of Objection
No Liability Claims

In re MPM Silicones, LLC
Case No. 14-22503

| Claimant Name | Claim to be Expunged | Debtor Against Which Claim Asserted | Date Filed | Secured Claim Amount | Admin Priority Claim Amount | Priority Claim Amount | Unsecured Claim Amount | Total |
|---|---|---|---|---|---|---|---|---|
| ABOGADO PTE LTD | 1973010 | Momentive Performance Materials USA Inc.<br><br>14-22511 | N/A | $0.00 | $0.00 | $0.00 | $3,091.83 | $3,091.83 |
| GATX CORPORATION (SUCCESSOR TO GATX RAIL CORPORATION) | 916 | MPM Silicones, LLC<br><br>14-22503 | 07/16/14 | $0.00 | $0.00 | $0.00 | $93,800.00 | $93,800.00 |

## **EXHIBIT C**

**Excessive Amount Claim**

Nineteenth Omnibus Objection - Exhibit C

In re MPM Silicones, LLC

Page(s) 11 of Objection

Case No. 14-22503

Excessive Amount Claim

| Claimant Name | Claim to be Reduced | Debtor Against Which Claim Asserted | Date Filed | Secured Claim Amount | Admin Priority Claim Amount | Priority Claim Amount | Unsecured Claim Amount | Total | | Proposed Allowed Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| STERICYCLE, INC. | 1974654 | MPM Silicones, LLC<br><br>14-22503 | N/A | $0.00 | $0.00 | $0.00 | $3,776.55 | $3,776.55 | | Unsecured: $2,799.62 |